DRAPER, Respondent, vs. WILSON, Appellant.

*October 6—October 25, 1910.*

*Statute of frauds: Invalidity of contract not available to stranger.*

The invalidity of a contract under the statute of frauds is a personal defense and is not available to one who is a stranger to the contract.

APPEAL from a judgment of the county court of Waukesha county: M. S. GRISWOLD, Judge. *Affirmed.*

This is an action of replevin for the recovery of six and one-tenth tons of hay. The action was commenced in justice's court. From a judgment in favor of the plaintiff appeal was taken to the county court, where judgment was also rendered in favor of the plaintiff.

One Frank Faestel was a tenant on the farm of *George Wilson,* the defendant. When his term was about to terminate he sold a number of articles on the farm to *Wilson,* among which was, as designated in the bill of sale, "hay in barn and cow barn." This sale was concluded on November 3, 1906. *Wilson* claims that he bought all of the hay on the farm which was owned by Faestel. Faestel denies this, and testified that *Wilson* bought only the hay in the west mow of the large barn and the hay in the cow barn. Immediately after the sale of the hay to *Wilson,* Faestel made an oral agreement with the plaintiff, *Draper,* for the sale of the hay in the east mow of the large barn. This was estimated at six and one-half tons, of the value of $61. No written agreement was made by Faestel and *Draper,* nor did *Draper* pay anything on the sale until the latter part of December. *Draper* testified that he went to the farm several times to see *Wilson* and to make arrangements for carrying away the hay he had bought, but that *Wilson* was away and that he did not see him until about February 1, 1907, the day before he commenced this action, when he made a demand for the hay, and

that *Wilson* prohibited his taking it and claimed to have pur-chased all of the hay in the two barns from Faestel. The sheriff seized about 1,800 pounds of hay which was in the east mow of the barn.

This is an appeal from the judgment for $36 and costs in favor of the plaintiff, *Draper*, the court holding on the evi-dence that the defendant had not purchased the hay claimed by the plaintiff, and that the defense that the contract of sale between Faestel and *Draper* was void under the statute of frauds was not available to the defendant, *Wilson*, because he was a stranger thereto.

The cause was submitted for the appellant on the brief of *Carl B. Rix*, and for the respondent on that of *G. Holmes Daubner*.

SIEBECKER, J. The evidence is ample to sustain the court in the conclusion negativing the claim of the defendant that he had purchased the hay in controversy from Faestel, the former tenant of the farm, and hence this finding must stand. From this verity in the case it follows that the defendant was a stranger to the alleged agreement of sale of hay by the ten-ant to the plaintiff and that he was not a privy as to its own-ership. He had merely permitted the tenant to leave the hay on the premises for some time at the tenant's request.

Defendant, however, seeks to interpose the defense that the plaintiff's contract for the purchase of the hay is void under the statute of frauds because no note or memorandum thereof was made in writing nor was a part of the purchase money then paid. The tenant and the plaintiff both acquiesced in the contract before the court and volunteered performance. The question presented is whether the defendant, a stranger to this contract, can plead the defense of invalidity of the contract of sale under the statute of frauds. We deem it established by reason and authority that the defendant has no such interest in the contract and its subject matter, under the

circumstances here shown, as to authorize him to plead this defense. Such a statutory defense is held to be personal and is not one available to strangers to such agreements. The rule has been well stated as follows: "Like usury, infancy, and a variety of other defenses, it can only be relied upon by parties or privies." *Chicago D. Co. v. Kinzie,* 49 Ill. 289; *Rickards v. Cunningham,* 10 Neb. 417, 6 N. W. 475; *Cowan v. Adams,* 10 Me. 374, 25 Am. Dec. 242; *Christy v. Brien,* 14 Pa. St. 248. This rule would seem to be necessary to preserve to parties to such a contract the right to voluntarily waive the statute and perform the contract, as was declared they had the right to do by this court in *Whiting v. Gould,* 2 Wis. 552; *Godden v. Pierson,* 42 Ala. 370.

The court properly awarded judgment for the plaintiff.

*By the Court.*—Judgment affirmed.