8984. SOUTHERN COTTON OIL COMPANY *v.* HORTON.

BLOODWORTH, J. 1. When considered in connection with the pleadings and the evidence, and in the light of the entire charge of the court, no error that would warrant the granting of a new trial was committed in any of the following excerpts from the charge:

(a) "You should first determine the question of whether or not the defendant is liable in the case. In order for it to be liable in the case you would have to find that it was guilty of negligence in at least one of the ways set out in the petition, and that such negligence caused or contributed to the injury of the plaintiff." Civil Code (1910), § 4426; *Elk Cotton Mills* v. *Grant*, 140 *Ga.* 727 (4a) (79 S. E. 836, 48 L. R. A. (N. S.) 656); *Tift* v. *Jones*, 74 *Ga.* 470 (6); *City of Rome* v. *Dodd*, 58 *Ga.* 238 (2); *Hubbard* v. *Macon Ry. & Light Co.*, 5 *Ga.* App. 223, 224 (62 S. E. 1018); *Rollestone* v. *Cassirer*, 3 *Ga.* App. 161 (3b) (59 S. E. 442). (Exception was taken to the words "or contributed.")

(b) "In this case it is for you to say whether any inspection was made, or could have been made, and whether or not the defendant exercised ordinary care and diligence in seeing to the keeping of its premises in a safe condition." Civil Code (1910, § 3130; *Eagle & Phenix Mills*

v. *Moncrief*, 17 *Ga. App.* 10 (1), 26 (86 S. E. 260); *Smith* v. *City of Rome*, 16 *Ga. App.* 96 (4), 105 (84 S. E. 734); *Georgia Railroad* v. *Hunter*, 12 *Ga. App.* 295 (7), 300, 302, 304 (77 S. E. 176); *Southern Bell Telephone Co.* v. *Shamos*, 12 *Ga. App.* 464 (5) (77 S. E. 312); *Cochrell* v. *Langley Mfg. Co.*, 5 *Ga. App.* 317 (3), 321, 324 (63 S. E. 244); *Hubbard* v. *Macon Ry. & Light Co.*, supra; *Southern States Portland Cement Co.* v. *Helms*, 2 *Ga. App.* 308 (58 S. E. 524); *Betts Co.* v. *Hancock*, 139 *Ga.* 198 (4), 205 (77 S. E. 77); *Town of Belton* v. *Vinton*, 73 *Ga.* 99.

(c) "A servant can rely upon the performance of the duty of furnishing a safe place in which to work. Danger arising from an unsafe place is not included within the risks assumed by the servant." *Southern Cotton Oil Co.* v. *Gladman*, 1 *Ga. App.* 259 (2) (58 S. E. 249); *King Mfg. Co.* v. *Walton*, 1 *Ga. App.* 403 (3, 4) (58 S. E. 115).

(d) "If there are latent defects in the construction of the place of work which [are], or in the exercise of ordinary care could be, known to the master, and which are unknown to the servant, it is the duty of the master to warn the servant thereof." Civil Code (1910), § 3130; *Holland* v. *McRae Oil & Fertilizer Co.*, 134 *Ga.* 679 (8) (68 S. E. 555); *Hubbard* v. *Macon Ry. & Light Co.*, *Cochrell* v. *Langley Mfg. Co.*, supra.

(e) "If he was injured on account of defendant's fault or negligence, he can recover. If both the plaintiff and defendant were at fault, and the plaintiff could not have avoided the consequences to himself of the defendant's negligence by the exercise of ordinary care, the plaintiff may recover, but the damages shall be diminished by the jury in proportion to the amount of default attributable to him." *Hill* v. *Callahan*, 82 *Ga.* 109 (8 S. E. 730); *Southern Cotton Oil Co.* v. *Skipper*, 125 *Ga.* 370 (12) (54 S. E. 110); *Hilton & Dodge Lumber Co.* v. *Ingram*, 135 *Ga.* 696 (70 S. E. 234). See also *Western & Atlantic R. Co.* v. *Davis*, 139 *Ga.* 493 (2) (77 S. E. 576); *Central of Georgia Ry. Co.* v. *Brown*, 138 *Ga.* 107 (3, 5), 111-113 (74 S. E. 839); *Wrightsville & Tennille Railroad* v. *Gornto*, 129 *Ga.* 204 (8) (58 S. E. 769); *Americus, Preston & Lumpkin Ry. Co.* v. *Luckie*, 87 *Ga.* 6, 8 (13 S. E. 105).

2. There is evidence to support the verdict, the presiding judge refused to set it aside, and so will this court.

*Judgment affirmed. Broyles, P. J., and Harwell, J., concur.*

DECIDED APRIL 9, 1918.

Action for damages; from city court of Polk county—Judge John K. Davis. June 8, 1917.

*W. W. Mundy,* for plaintiff in error.  *Irwin & Tison,* contra.