## 10055. RAY v. THE STATE.

BROYLES, P. J. 1. Under repeated rulings of the Supreme Court and of this court, an excerpt from the charge of the trial judge which is correct in itself will not be considered erroneous because some other correct principle of law is not included therein or added thereto. In such a case the motion for a new trial should assign error, not upon the charge given, but upon the failure of the court to charge the other principle of law involved. Under this ruling the first special ground of the motion for a new trial is without merit.

2. The excerpt from the charge, set forth in the second special ground of the motion for a new trial, while in some particulars inaccurate, does not require a new trial of the case, the inaccuracy being beneficial instead of harmful to the accused.

3. None of the excerpts from the charge, as complained of in the 3rd, 4th, 5th, 6th, 7th, 8th, 9th, 10th, and 11th special grounds of the motion for a new trial, when considered in the light of the entire charge and of the facts of the case, require a new trial. The instructions as a whole were full, fair, and as favorable to the defendant as he was entitled to under the law. See, in this connection, *Mosley* v. *State*, 11 *Ga. App.* 1 (2) (74 S. E. 569), and the statement of Chief Justice Bleckley in *Brown* v. *Matthews*, 79 Ga. 1 (1), 7 (4 S. E. 13).

4. A special ground of the motion for a new trial complains of certain questions asked a witness for the State by the court, and of the answers elicited, on the ground that the questions and answers had a tendency to prejudice the movant's cause with the jury, and indicated judicial disapproval of certain conduct of the defendant, disclosed by such examination. This ground of the motion, however, fails to show that the questions and answers were objected to at the time, or that there was a motion to exclude this evidence, or a motion for a mistrial of the case. Accordingly, under repeated rulings of this court, no question for adjudication is presented.

5. The remaining special grounds of the motion for a new trial are without merit.

6. The verdict was authorized by the evidence, and the court did not err in overruling the motion for a new trial.

*Judgment·affirmed. Bloodworth, J., concurs. Stephens, J., not presiding.*
DECIDED NOVEMBER 23, 1918.

Conviction of manslaughter; from Cherokee superior court— Judge Morris. July 15, 1918.

*John S. Wood, George D. Anderson,* for plaintiff in error.
*Herbert Clay, solicitor-general,* contra.