## 13497.   PARKER et al. v. THE STATE.

1-3. Those grounds of the motion for a new trial which relate to questions to witnesses and the admissibility of testimony are not in proper form for consideration.

4. Objections to the admission of testimony are insufficient where no specific ground of objection is stated.   An objection on the ground that the testimony is " not competent," or is " inadmissible," is not sufficient.

43

5. The judge's note to the ground as to failure to charge that the burden of proof was upon the State, etc., is equivalent to disapproval of that ground.
6. More full instructions on propositions embodied in the charge of the court were not required, where not properly requested.
7. The judge's instructions to the jury when they reported that they could not agree, and his instructions when they returned a verdict not in proper form, were not error for any reason assigned.
8. The verdict was supported by evidence.

DECIDED JUNE 14, 1922.

Indictment for assault with intent to murder — conviction of shooting at another; from Murray superior court — Judge Tarver. March 23, 1922.

The 5th division of the decision relates to the following ground: " 8. Because the court erred in failing to charge the jury, as movant insists, as follows: That the burden of proof was upon the State to satisfy their minds beyond a reasonable doubt of the guilt of the defendant as charged. And movants say that the failure to so charge was error of law.— Note by the court: The charge sets out what was said by the court upon the subject of reasonable doubt, and the court does not certify that he failed to charge as movant insists." From the record it appears that the court charged: " The defendants enter upon their trial with the presumption of innocence in their favor, and that presumption remains with them, like a fact proven for their protection, until it is removed by evidence. You ought not to convict them unless you are satisfied of their guilt beyond a reasonable doubt."

The 7th division of the decision relates to the following grounds: 10. After several hours of deliberation the jury were brought back into court, and, after their foreman had stated to the judge, when interrogated by him, that they were divided on a question of fact, he said to them: " With regard to questions of fact the court is without power to be of assistance to you. I have undertaken to charge you clearly about the law of the case, which, of course, you will take from the court. It is not improper for me to say this, however. You ought to go over this case thoroughly, consider it from every angle, from the standpoint of your fellow jurors as well as your own, consider the evidence in the case that came from the witnesses only, not anything that might be within your own knowledge or any hearsay, but let it be from the evidence from the stand; and apply the rules of law given you in charge to it, and,

after going over it carefully, looking at it from the viewpoint of your fellow jurors as well as your own, [if ?] it is possible for you to arrive at a verdict which speaks your honest convictions, you ought to do it. You may retire." Movants insist that these instructions were illegal and improper, prejudicial to their rights, and argumentative, and emasculated all the contentions of the defendants; that the reference to hearsay was improper, as there was nothing before the jury except what had been testified from the witness stand; and that under the charge as given it was impossible for the jury to return a verdict of not guilty for one or more of the defendants.

11. The jury having returned the following verdict: "We, the jury, find the defendants guilty of shooting at another and earnestly recommend the mercy of the court," the judge charged them as follows: "Gentlemen, the verdict is not in either of the forms which were submitted for your consideration. If you find the defendants are guilty of the offense of shooting at another, it is your duty to go further and fix a minimum and maximum sentence within the limits specified by law, that is, one and four years. You may, if you see proper to do so, in addition to fixing the minimum and maximum sentence, add a recommendation to the court, and, in the event the court observed the recommendation, it would treat it as a misdemeanor, but in any event, where a conviction is had for a felony, it is the duty of the jury to fix a minimum and maximum sentence, to be observed by the court, in case he does not approve the recommendation, where one is made." Juror: "Does that imply that in any event those boys would have to have a chain-gang sentence?" The court: "That does not imply anything except what the law is, as I have stated. If you think they are guilty of shooting at another, you ought to find them guilty, no matter whether you think the court would accede to your recommendation or not. You may retire." Movants say that what was said by the court in this colloquy was not the law, and was argumentative in favor of the State; that the court should not have used the expression, "where a conviction is had for a felony," and that under the charge so given there was no chance for an acquittal of any of the defendants.

*George G. Glenn, J. C. Mitchell, H. H. Anderson,* for plaintiffs in error.

*J. M. Lang, solicitor-general,* contra.

BLOODWORTH, J. 1. " A special ground of the motion for a new trial complains of certain questions asked a witness for the State by the court, and of the answers elicited, on the ground that the questions and answers had a tendency to prejudice the movant's cause with the jury, and indicated judicial disapproval of certain conduct of the defendant, disclosed by such examination. This ground of the motion, however, fails to show that the questions and answers were objected to at the time, or that there was a motion to exclude this evidence, or a motion for a mistrial of the case. Accordingly, under repeated rulings of this court, no question for adjudication is presented." *Ray* v. *State,* 23 *Ga. App.* 124 (4) (97 S. E. 555). Under this ruling the 1st, 6th, and 7th grounds of the amendment to the motion for a new trial present no question for determination by this court. See *Cordell* v. *State,* 28 *Ga. App.* 472 (111 S. E. 701).

2. " Under repeated decisions of this court and of the Supreme Court, each special ground of a motion for a new trial must be complete within itself; and when so incomplete as to require a reference to the brief of the evidence, or to some other portion of the record, in order to determine what was the alleged error and whether such error was material, the ground will not be considered by the reviewing court." *McCall* v. *State,* 23 *Ga. App.* 770 (99 S. E. 471). Applying this ruling to grounds 2 and 3 of the amendment to the motion for a new trial, they are incomplete. From them alone we cannot tell who the person is who is referred to therein as " he " and " him," or whether the evidence is material, or is prejudicial to the complaining party. Moreover, the newspaper clipping which was ruled out was clearly inadmissible.

3. " A ground of a motion for a new trial in which error is assigned on the exclusion of certain testimony is insufficient when it does not appear from the ground itself that the exclusion of the testimony was prejudicial to the complaining party." *Campbell* v. *Walker,* 20 *Ga. App.* 88 (4) (92 S. E. 545). The 4th ground of the amendment to the motion for a new trial is not sufficient within itself to show that the controversy between the court and counsel, as therein stated, " was prejudicial to the complaining party." It is true that a party who voluntarily calls a witness cannot im-

peach him unless he "can show to the court that he has been entrapped by the witness by a previous contradictory statement." Penal Code (1910), § 1050; Civil Code (1910), § 5879. This statement may be made to the party or his attorney, or "to some third person with instructions to communicate it or for the purpose of being communicated to the party or his counsel, and this was in fact done and the party acted thereon." *Burns* v. *State*, 20 *Ga. App.* 79 (2) (92 S. E. 548), and citations. But before this court can consider such a ground of the motion for a new trial, it must appear from the allegations therein that the witness had in truth previously made a contradictory statement, and what that statement was. The attorney in this case did not undertake or offer to tell the court what the alleged previous contradictory statement was, or how or in what manner he had been entrapped. Without this information this court cannot say whether the statements were contradictory, or that the ruling of the court was harmful to the cause of the defendant.

4. There is no merit in special ground 5 of the motion for a new trial. "A party offering evidence is not required in the first instance to show that it is competent; for all evidence is admitted as of course, unless a valid ground of objection is interposed by the opposite party, or by the court of its own motion to prevent the introduction of needless or irrelevant testimony. In a sense all evidence is prima facie admissible, and the burden is upon the objecting party to state at the time some reason why it should not be admitted. . It will not be sufficient for him to say, ' I object,' or ' I object because the evidence is not competent' or ' is inadmissible.' The attention of the court must be called to the specific ground of objection at the time the evidence is offered, and a failure so to do will be considered as a waiver." *Andrews* v. *State*, 118 *Ga.* 2, 3 (43 S. E. 852). See *Atlantic Coast Line Railroad Co.* v. *Stovall-Pace Co.*, 24 *Ga. App.* 249 (3) (100 S. E. 657), and citations.

5. Special ground 8 of the motion for a new trial, not being approved by the trial judge, will not be considered.

6. When the entire charge is considered, and in the absence of a proper and timely written request for fuller instructions, there is no merit in grounds 9 and 12 of the motion for a new trial, each of which complains of the failure of the judge to charge more

fully on certain propositions which were embodied in the charge of the court.

7. For no reason assigned did the court err either in the instructions given to the jury in reference to the further consideration of the case, when they reported to him that they had not agreed upon a verdict and that this failure to agree was because of a question of fact, nor in his instructions to them as to the proper form of the verdict after they had returned a verdict not in compliance with his instructions as to the form of the verdict.

8. There is ample evidence to support the verdict, which has the approval of the judge who tried the case.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*