16614.  BUGG, receiver, *v.* CARTER.

STEPHENS, J.  1. The contentions of a defendant are not always found in the pleadings, but may be found in the evidence and in the defendant's attitude during the course of the trial.  In a suit against a railroad company, where the plaintiff alleged that she, while a passenger upon the defendant's train, was assaulted by the defendant's conductor, to her damage, and where the defendant filed a general denial of the allegations in the petition, and where the evidence tending to support the allegations respecting liability was uncontradicted, it does not appear that the trial court erred, as expressing an opinion upon the facts, in stating to the jury that it was the contention of the defendant that its conductor used no more force than was necessary to prevent the plaintiff from getting off the train, where it does not affirmatively appear that the defendant made no such contention.

2. Where, in such a suit, it appears from undisputed evidence, both of the plaintiff herself and of a physician introduced as a witness for the plaintiff, that the plaintiff suffered ill effects after the time of the alleged occurrence upon the defendant's train, a charge by the court that it was a contention of the defendant that "the ill effects which plaintiff experienced after the time when she said that she was injured were not the result of the experiences which she had at that time," if an expression of opinion upon the facts, was not an expression upon an issue in dispute, and therefore was not harmful to the defendant.

3. A statement that it was a contention of the defendant that the plaintiff "was not hurt in any sort of way by what occurred on the train" was not an expression of opinion by the court that anything occurred upon the train, as alleged and contended for by the plaintiff.

4. In such a suit, which is based upon the alleged wilful conduct of the conductor in assaulting the plaintiff, a charge as to the degree of diligence resting upon the defendant and as respects the defendant's liability for negligence, if not appropriate and applicable to the issue made, was nevertheless harmless to the defendant.

5. In such a suit it was not error tending to confuse the jury or prejudicial to the defendant for the court to charge, in immediate connection, the law respecting the presumption of negligence resting upon the railroad company upon proof of damage, and the law respecting the degree of diligence due by a carrier to a passenger.  Such a charge is not error for the reason set out in *Americus, Preston & Lumpkin R. Co.* v. *Luckie*, 87 *Ga.* 6 (13 S. E. 105).

6. In such a suit newly discovered evidence, to the effect that about twenty days prior to the alleged assault upon the plaintiff by the defendant's conductor, the plaintiff submitted to a transfusion of blood from herself to another person, and suffered physical weakness therefrom, is but corroborative of the plaintiff's own evidence that at the time she was injured as alleged she was in a weakened condition.  Such evidence might be considered by a jury in aggravation, rather than in a mitigation, of damages, and is therefore not calculated to produce a verdict for the defendant upon another trial.  In the absence of any evi-

dence tending to show that the plaintiff's weakened condition as a result of such transfusion of blood bore any causal connection with the pains or ill effects which she claims to have suffered after the alleged assault upon her, such evidence is not calculated to produce a different result upon another trial.

7. Evidence tending to establish both liability and the plaintiff's damage authorized the verdict found for the plaintiff in the sum of seven hundred dollars.

8. The court did not err in overruling the defendant's motion for a new trial.

*Judgment affirmed. Jenkins, P. J., concurs. Bell, J., disqualified.*

DECIDED JANUARY 16, 1926.

Action for damages; from Bacon superior court—Judge Reed. May 23, 1925.

*I. J. Bussell, Wilson, Bennett & Pedrick,* for plaintiff in error.
*E. H. Williams,* contra.