### 16696. WAYNESBORO PLANING MILL *v.* PERKINS MANUFACTURING COMPANY.

STEPHENS, J. 1. A parol contract unenforceable by reason of the statute of frauds is nevertheless a valid, subsisting contract as between persons other than the contracting parties, for purposes other than a recovery upon it. Cowan *v.* Adams, 10 Me. 374 (25 Am. D. 242); Draper *v.* Wilson, 143 Wis. 510 (128 N. W. 66, 21 Ann. Cas. 1387); 25 R. C. L. 732, § 380, and cases cited.

2. Where a deed to realty contains a provision making the deed subject to an existing timber lease, and where one claiming through the lessee the title to timber institutes a suit in trover against a stranger to recover the timber, the defendant can not defend upon the ground that the timber lease referred to in the deed was in parol and unenforceable under the statute of frauds, that there was no valid timber lease in existence at the time of the execution of the deed, and that therefore the lessee from whom the plaintiff bought could convey no title.

3. Contentions of a party to a suit are not always contained in the pleadings, but may be found in the evidence as well. Applying this rule, the charge of the court in this case is not subject to the exception that it misstated the contention of a party, where it stated the contention of the party as made by the evidence and not by the pleadings.

4. The fact that a contract may be required by the statute of frauds to be in writing will not preclude the establishment of its contents by parol, where it has not in fact been reduced to writing.

5. Testimony that a written contract was executed on a date different from the date of execution recited in the instrument is not testimony as to the contents of a written instrument, but is testimony as to the happening of an event, namely, the time of the actual execution of the instrument. Such testimony is not inadmissible on the ground that it is parol testimony as to the contents of a writing.

6. Although documentary evidence may have been admitted, it was not prejudicial to the plaintiff in error for the court to charge the jury as follows: "You have seen the parties and the witnesses on the stand, and you know their interest or want of interest, and it is for you to determine from the testimony what the truth of this transaction is."

7. The evidence authorized the inference that the timber-lease contract was in existence when the deed to realty was made, and a hypothetical charge adjusted to this evidence was not error.

8. This being a trover suit, and there being an issue of fact as to whether the property sued for had been converted by the defendant, the following charge of the court amounted to an expression of an opinion that there had been a conversion, and is error requiring the grant of a new trial: "If you find that Powell had contracted for this timber at the time that Mrs. Wood obtained her deed, and that she had notice of the lease to Powell, and that plaintiff bought and paid Powell for these logs, and that Powell was not in arrears in paying for them under his contract with Carlton at the time plaintiff bought, then I charge you it would be your duty to find for the plaintiff the highest proven value of said logs described in the petition from the time of the conversion to the time of the trial."

9. No other error appears.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED SEPTEMBER 23, 1926.

Trover; from city court of Waynesboro—Judge W. H. Davis. July 1, 1925.

*H. C. Hatcher, G. C. Anderson,* for plaintiff in error.
*E. M. Price, E. V. Heath,* contra.