147 So. 445

### TAYLOR et al. v. CLOUD et al.

### 7 Div. 154.

Supreme Court of Alabama.

March 16, 1933.

Rehearing Denied April 13, 1933.

O. B. Roper and W. T. Murphree, both of Gadsden, for appellants.

Inzer, Davis & Martin, of Gadsden, for appellees.

ANDERSON, Chief Justice.

This case has been before us previously, Sims v. Taylor, 223 Ala. 280; 135 So. 580, wherein it was held that the bill of complaint was not subject to the demurrer interposed. Afterwards the respondent, Sims, filed an answer and cross-bill and proof was taken, and the present appeal is from a final decree upon the proof.

The appellants seem to base their claim to a lien upon the right or equitable title acquired by Cloud under the original contract for the sale of the lots. As to the soundness of this contention, if said original contract was in force when their claims arose, we need not decide, as the appellee Sims' evidence shows that the old contract was so changed and modified, shortly after it was made, as to become practically a new contract. Sims testified, and without serious contradiction, that shortly after the contract for the sale of the lots was made Cloud contemplated the erection of the two houses in question, and he, being in the sawmill or lumber business, requested him to supply the heavy lumber with the assurance that he was able to finance the other expense of building the said houses; that he agreed to furnish said heavy and rough lumber with the understanding that he was not to make a deed to the lots until he was paid, not only for the lots, but for the lumber also. This, of course, changed the original contract so as to dispense with a deed and mortgage to secure the purchase money, but so as to make the execution of the deed dependent upon the payment of the purchase money, as well as the price of the lumber advanced. Therefore, the house belonged to Sims as well as the lots which he was obligated to convey only when Cloud paid for the lots and the lumber, and Cloud, nor his creditors, had any right, title, or claim on the same until Sims was paid. We, of course, agree with appellants' counsel that Sims had no lien on the property for the advances made by him. He was the present owner, and, of course, had no lien on his own property, and no obligation rested upon him other than to convey the property to Cloud when he was paid.

It is insisted by appellants that this second agreement surrendering or modifying the old contract was oral and was violative of the statute of frauds. As to this, no plea was interposed setting up this defense; but regardless of this the statute of frauds is, in a sense, personal, and was not available to the appellants. Bain v. Wells, 107 Ala. 562, 19 So. 774; Drake et al. v. Rhodes, 155

Ala. 498, 46 So. 769, 130 Am. St. Rep. 62; Draper v. Wilson, 143 Wis. 510, 128 N. W. 66, 21 Ann. Cas. 1387, and note on page 1390.

As to the last advance, the contract was in writing and the fund advanced went to the payment of labor and material to complete the houses.

The decree of the circuit court is affirmed.

Affirmed.

THOMAS, BROWN, and KNIGHT, JJ., concur.