STOKES, executrix, *v.* RUTHERFORD *et al.*

No. 13822.   SEPTEMBER 11, 1941.
REHEARING DENIED OCTOBER 14, 21, 1941.

*Robert B. Blackburn,* for plaintiff.

*Alston, Foster, Moise & Sibley, H. A. Allen,* and *Edwin S. Kemp,* for defendants.

ATKINSON, Presiding Justice. Only the general grounds of the motion will be discussed. The original policy or certificate of insurance, No. 1241-G, in the sum of $5000, was dated November 1, 1929. It was payable to the estate of Russell M. Young, the insured, "provided that no other validly appointed beneficiary shall have a claim thereto (subject to the terms and provisions of the said policy and application.)" The certificate also contained the following: "Change of Beneficiary: The right to change the beneficiary is reserved to the employee, provided there is no legal restriction to the contrary, but such change shall take effect only upon receipt of a request at the head office of the company. Whenever a change of beneficiary is desired, this certificate, together with a completed change of beneficiary form should be given to the employee, to be forwarded to the company, in order that the change may be recorded. If the beneficiary named should predecease the employee, another beneficiary should be named immediately. Any addition to the initial amount of assurance will be paid to the person to whom such initial amount is payable, unless another beneficiary for the additional amount shall have been validly appointed." After the issuing of the policy, a new certificate was issued in the name of Russell M. Young, under the terms of the original policy of insurance as hereinbefore referred to, plus the terms and conditions as set out in the subsequent certificate, which reduced the amount of insurance payable on the death of Russell M. Young from $5000 to $2500, and the subsequent certificate was dated November 1, 1934. In evidence was the following en-

dorsement on the certificate: "Register of Change of Beneficiary. Entries in this register are to be made only by the Sun Life Assurance Company of Canada at its head office. And such entry, when properly endorsed, is evidence that the request for the change of beneficiary has been duly received by the company, and not that such change is necessarily valid. An entry hereunder, or lack of entry is not evidence that a further change of beneficiary has not been made by the employee. Date endorsed, 1 March, 1931. Beneficiary, Amah Lee Rutherford—Friend. Endorsed by Z. M."

In detailing what are the facts in the instant case, we have included such as were recited in an amendment to the motion for new trial, the recitals in which have the approval of the trial judge, although the whole of such facts does not appear in the brief of evidence, as for instance the writings affecting a change of beneficiary from the estate of the insured to Miss Rutherford, which were also set forth in the pleadings. A considerable portion of the brief of counsel for the plaintiff is devoted to an argument in support of the contention that the court erred in admitting these writings in evidence, as pointed out in one of the grounds of the motion for new trial, which is as much a part of the record as is the brief of evidence. There is nothing in the brief of evidence to contradict the facts which, as recited in the motion, were in evidence. When the judge was called on to approve the recitals of fact in the motion, his attention was thereby particularly called to this matter. His certificate that these writings were in evidence can be reconciled with their omission from the brief only on the theory that they were inadvertently omitted therefrom and should have been incorporated therein (compare *Grooms* v. *Grooms,* 141 *Ga.* 478, 480, 81 S. E. 210), or else through a misapplication of that part of Code § 70-305, which declares that "Documentary evidence copied as an exhibit or set out in the pleadings, and introduced in evidence, shall not be set out in the brief except by reference to the same."

The contention of counsel for the plaintiff is that the change of beneficiary "bears an impossible date." It bears a date subsequent to the original certificate, but anterior to the date of the new certificate. Both certificates bear the same number. Both are issued by the same company, and both insure the same person. The inference is plain that all that happened was that the old certificate

for five thousand dollars was surrendered for one for twenty-five hundred dollars, that the only substitution was in the amount, and that in all other respects there was to be no change. At the time. the second was issued the insured had already exercised his privilege of changing the beneficiary; and the fact that the new certificate, dated November 1, 1934, carried, as the date of the change of the beneficiary from his estate to Miss Rutherford, April 7, 1931, can not, under this record as a whole, be given the effect of nullifying the insured's intention with respect to the change of the beneficiary. The directed verdict was the only one the jury could have rendered in accordance with the law and the evidence.

*Judgment affirmed. All the Justices concur.*