35229. COWART *v.* GUNN.

DECIDED SEPTEMBER 27, 1954.

*Akin & Akin, Matthews, Maddox, Walton & Smith,* for plaintiff in error.

*Jefferson L. Davis, Paul Webb, Jr.,* contra.

FELTON, C. J. 1. It is contended that the following charge was error: "I charge you that if at the time of this collision that Mr. Jarrett was the agent of the defendant, and that he was guilty of negligence, and the plaintiff in the exercise of ordinary care, and if Jarrett was driving at the time, and Mr. Gunn in

the exercise of ordinary care for his own safety could not have avoided his injuries, then he would be entitled to recover," because "the charge authorized the jury to find for Gunn on the basis of some act of negligence on the part of Jarrett which was not even alleged." The contention is without merit. The court charged: "I charge you that the plaintiff, if he is entitled to recover, must recover on the acts of negligence alleged by him in his petition, and negligence of the agent of the defendant in this case, Mr. Cowart."

2. The plaintiff in error complains that the court erred in charging: "I charge you that the plaintiff, if he is entitled to recover, must recover on the acts of negligence alleged by him in his petition, and negligence of the agent of the defendant in this case, Mr. Cowart." It is contended that the charge was error and harmful because it permitted the jury to find for the plaintiff on any of the five acts of negligence alleged in his petition, when there was no evidence whatever to support three of the acts of negligence alleged. The charge was not error in view of the charge that the plaintiff had the burden of proving his case by a preponderance of the evidence and that, if the jury should find from the evidence that the plaintiff had not carried such burden of proof, they should find for the defendant. *Berry* v. *Jowers*, 59 *Ga. App.* 24 (1) (200 S. E. 195); *Etheridge* v. *Guest*, 63 *Ga. App.* 637, 642 (12 S. E. 2d 483).

3. It is contended that the court erred in charging: "The defendant charges that the plaintiff, Mr. Gunn, was merely a guest in the car at the time he was injured : . . ," because the defendant did not so contend but contended that the plaintiff was driving the automobile at the time of the collision, as evidenced by an allegation of such in his answer. "The contentions of a defendant are not always found in the pleadings, but may be found in the evidence and in the defendant's attitude during the course of the trial." *Bugg* v. *Carter*, 34 *Ga. App.* 819 (1) (131 S. E. 297); *Waynesboro Planing Mill* v. *Perkins Mfg. Co.*, 35 *Ga. App.* 767 (3) (134 S. E. 831). In the cross-examination of the plaintiff and in the direct examination of the defendant, the defendant's counsel went into the details of the arrangements and agreement between the plaintiff and defendant concerning the trip, which tended to show the plaintiff's status, i. e., whether

guest or not, and tended to show that the defendant had some personal interest in the trip. The charge did not deprive the defendant of his pleaded defense that the plaintiff was driving the automobile, because the court charged that the defendant so contended and charged that the jury had to find that Mr. Jarrett was driving before the defendant would be liable. The ground is without merit.

4. Ground four of the amended motion for new trial complains that the court erred in charging: "I charge you that if Jarrett was driving the defendant's car at the time, and that he was guilty of negligence, and if you find that the plaintiff, Gunn, was guilty of negligence, but the negligence of Jarrett, if he were negligent, was greater than or exceeded the negligence of Gunn, then in that event, the plaintiff would be entitled to recover, but the amount of his recovery would be diminished in proportion as the negligence of the plaintiff, Gunn, if he were negligent, contributed to his injury and damage, if he were injured and damaged." It is contended that the charge was error, because (1) it authorized the jury to find in favor of the plaintiff whether or not Jarrett was the agent of Cowart; and (2) it was inadequate, incomplete, and failed to include that part of the law on the subject which was favorable to the defendant, in that the court left out the principle that, if the plaintiff's negligence was equal to or greater than that of the defendant's alleged agent, the plaintiff could not recover. The first contention is without merit, because throughout the charge the court instructed the jury that, if they found that Jarrett was driving the automobile at the time of the collision, before they could find for the plaintiff they had to find that Jarrett was the defendant's agent. The second contention is without merit, because the charge was actually favorable to the defendant. It was based on the jury's finding that Jarrett was driving the automobile; and if the jury so found, they could not have found that the plaintiff was negligent and apply the comparative-negligence rule, because there was no evidence that the plaintiff was negligent in any particular if he was not driving the automobile at the time of the collision.

5. Error is assigned on the following charge: "If you find from the evidence in this case that the plaintiff has carried the

burden of proof and is entitled to a verdict at your hands, it would be your duty to write a verdict in his favor for whatever amount you think would be right and reasonable and just under all the evidence and the facts and circumstances in this case." One element of damages sought by the plaintiff was medical expenses incurred, and the plaintiff in error contends: "The effect of the above-quoted portion of the charge was to lead the jury to believe that the whole case was thrown open to them. The measure of damages for medical expenses incurred is not 'whatever amount you think would be right and reasonable and just' as charged. The correct measure is the actual amount of expenses incurred as brought out by the evidence." The court elsewhere in the charge instructed the correct law relating to medical expenses, and the charge excepted to in this ground restricted the jury's finding to "the evidence and the facts and circumstances in this case." The charge was not error. See *Pollard* v. *Gammon,* 63 *Ga. App.* 852, 862 (12 S. E. 2d 624).

6. An excerpt from the charge of the trial court which is correct in itself is not rendered erroneous because some other correct principle of law is not included therein or added thereto. In such a case the motion for a new trial should assign error on the failure of the court to charge the other principle of law involved and not on the charge given. *Ray* v. *State,* 23 *Ga. App.* 124 (1) (97 S. E. 555); *Green* v. *State,* 150 *Ga.* 121 (1) (102 S. E. 813); *Jester* v. *State,* 193 *Ga.* 202 (2) (17 S. E. 2d 736); *Napper* v. *State,* 200 *Ga.* 626 (2) (38 S. E. 2d 269). For this reason ground six of the motion is without merit.

7. The plaintiff in error complains that the judge erred in his charge on the principle of lost earning capacity. The charge given was almost identical to that approved by the court in *Northern Freight Lines* v. *Ledford,* 75 *Ga. App.* 508, 510 (2) (43 S. E. 2d 757). However, in the present case the evidence showed that, prior to and at the time the plaintiff was injured by the negligence of the defendant's agent, he was 30% disabled because of a certain illness and an operation. The charge complained of contained no reference to such disability, and the defendant contends that the charge was error for this reason. We cannot see how, under the facts of this case, the court's failure to charge specifically on the disability was error and

harmful. The plaintiff testified that, while his disability prevented him from performing certain jobs, before he was injured and even with his disability he was earning $250 a month in the cattle business, and that since his injuries he had been unable to earn any money except $100 he made in an automobile trade. This evidence was undisputed. Also, the court did charge: "You would also give credit in estimating any amount for diminished earning capacity, if any, for the natural loss of ability to earn money, giving credit to the defendant for such as would be the natural result by reason of a man growing older, voluntarily abstaining from work, *sickness, or other similar circumstances.*" (Italics supplied.) See *Gainesville Coca-Cola Bottling Co.* v. *Stewart,* 51 *Ga. App.* 102, 104 (2) (179 S. E. 734). Further, the verdict was not excessive under the facts of the case. The plaintiff proved $2,020 medical expenses, $3,000 a year loss of earning capacity, and that he was 52 years of age. In view of this, plus the fact that the jury were authorized to find damages for pain and suffering, a $10,000 verdict was not excessive. See *Roberts* v. *McClellan,* 80 *Ga. App.* 199, 207 (55 S. E. 2d 736). Special ground seven is without merit.

8. Special ground eight is also without merit.

9. An objection that certain evidence was "irrelevant and immaterial" presents no question for this court to review. *Holland* v. *Ryals,* 41 *Ga. App.* 280 (2) (152 S. E. 852); *Barrett* v. *City of Brunswick,* 56 *Ga. App.* 575, 576 (2) (193 S. E. 450); *West Lumber Co.* v. *Schnuck,* 85 *Ga. App.* 385, 388 (2) (69 S. E. 2d 577). Ground nine of the motion is without merit.

The court did not err in denying the amended motion for a new trial.

*Judgment affirmed. Quillian and Nichols, JJ., concur.*