40399, 40406.   OWENSBY v. JONES; and vice versa.

PANNELL, Judge.   1.   "If there are dangers incident to an employment, unknown to the servant, of which the master knows or ought to know, he shall give the servant warning with respect thereto.   *Code* § 66-301.   It is the duty of the master to exercise ordinary care to provide and maintain a reasonably safe place for his servant to work.   *Chenall v. Palmer Brick Co.*, 117 Ga. 106 (43 SE 443).   The duty of the master to keep his premises and to conduct his business in such a manner that his servants may perform their duties in safety is but a phase of the broader and more anciently recognized doctrine of the common law, that every person who expressly or impliedly invites another to come upon his premises or to use his instrumentalities is bound to use ordinary care to protect the invited person from injury while upon his premises.   However, a servant assumes the ordinary risks of his employment, and is bound to exercise his own skill and diligence to protect himself, and in cases of injury it must appear that the servant did not know of the danger and had not equal means of knowing such fact, and by the exercise of ordinary care could not have known thereof.   *Code* § 66-303; *Ludd v. Wilkins*, 118 Ga. 525 (45 SE 429).   Upon one who brings a suit against his master for injuries it is incumbent to show not only negligence on the part of the master, but due care on his part; and it must appear that the person injured did not know and had not equal means of knowing all that is charged as negligence to the master, and by the exercise of ordinary care could not have known thereof.   *Daniel v. Forsyth*, 106 Ga. 568 (32 SE 621); *Winship Mach. Co. v. Burger*, 110 Ga. 296 (35 SE 120); *DeLay v. Southern R. Co.*, 115 Ga. 934 (42 SE 218); *Williams v. Atlantic C. L. R. Co.*, 18 Ga. App. 117 (89 SE 158); *Ludd v. Wilkins*, supra."   *Holman v. American Auto. Ins. Co.*, 201 Ga. 454, 459 (39 SE2d 850).

2.   The gravamen of plaintiff's complaint is that the defendant in supplying a scaffold provided one with a cross member not properly braced or supported or not securely nailed, and thus did not furnish plaintiff with a safe place to work.   While a servant is bound to observe open and obvious dangers such

as would be disclosed by the exercise of ordinary care, he has the right to assume that his master has performed the duty of furnishing him with a safe place to work and is under no obligation to *inspect* the same in order to discover latent defects not open to ordinary observation. A danger arising from an unsafe place is not included among the risks assumed by the servant. *King Mfg. Co. v. Walton,* 1 Ga. App. 403 (3) (58 SE 115); *Southern Cotton Oil Co. v. Horton,* 22 Ga. App. 155 (1c) (95 SE 765).

3. Whether the plaintiff had the same opportunity as the defendant of knowing the defects alleged and proved would depend upon the character of such defects, whether they are latent or patent. Where the defect is superficially discernible or plainly apparent to the eye, the servant has the same opportunity of seeing it and knowing of it as the master. But if the defect is latent, the master would be bound to discover the fact sooner than the servant, because the duty of inspection rests upon the master and not on the servant. In a case of latent defects—those which are discoverable by proper inspection—the master is necessarily held to a higher standard of conduct than the servant, since the master owes to the servant the duty of inspection. *Moody v. Hardeman,* 44 Ga. App. 676 (3) (162 SE 653) and cases there cited.

4. The condition of the scaffold as to being nailed underneath being discoverable by close inspection only, and the duty of inspection not being within the scope of the work for which he was employed, plaintiff had the right to rest upon the assumption that the master had performed his duty to see that the scaffold was in a safe condition. See *Southern Cotton-Oil Co. v. Gladman,* 1 Ga. App. 259 (58 SE 249). It follows, therefore, that the trial court did not err in failing to grant the motion of the defendant for a judgment notwithstanding the verdict for the plaintiff.

5. The charges of the court complained of in plaintiff's motion for new trial, relating to the duty of the plaintiff to inspect the scaffold, in view of the evidence and the above rulings, were harmful error.

6. A charge on a contention arising from the evidence, though not pleaded, is not reversible error. *Bugg v. Carter,* 34 Ga. App. 819 (1) (131 SE 297); *Waynesboro Planing Mill v. Perkins Mfg. Co.,* 35 Ga. App. 767 (3) (134 SE 831).

7. The striking of pleadings on motion is not a proper ground of a motion for a new trial. *Bearden v. Lane,* 107 Ga. App. 424, 427 (5) (130 SE2d 619).

8. The question of the sufficiency of the preliminary proofs to identify a photograph, or to show that it is a fair or accurate representation of the objects which it purports to portray, is a question committed to the discretion of the trial judge. *Johnson v. State,* 158 Ga. 192, 198 (123 SE 120). There does not appear to be any abuse of discretion in the refusal to admit the photograph in evidence in the present case.

9. The other grounds of plaintiff's motion for new trial, not herein specifically dealt with, are without merit.

The trial judge erred in overruling plaintiff's motion for new trial for the reason set forth in headnote 5.

*Judgment reversed on main bill of exceptions; affirmed on cross bill. Bell, P. J., and Hall, J., concur.*

DECIDED MARCH 5, 1964—REHEARING DENIED MARCH 19, 1964.

*Hewlett & Ward, Florence Hewlett Dendy,* for plaintiff in error.

*Sam F. Lowe, Jr., Smith, Field, Ringel, Martin & Carr,* contra.