42359. STATE HIGHWAY DEPARTMENT v. THOMAS et al.

Submitted October 4, 1966—Decided February 24, 1967—
Rehearing denied March 13, 1967—

*Arthur K. Bolton, Attorney General, Richard L. Chambers, Assistant Attorney General, Robert L. Royal, T. Reese Watkins, Deputy Assistant Attorneys General,* for appellant.

*Miller, Miller & Miller, Wallace Miller, Jr., John M. Hancock, Jr., George L. Jackson, Abe Crosby, Jr.,* for appellees.

Frankum, Judge. ■ The first contention of the appellant

before this court is that the trial court erred in charging the jury in several respects to the effect that the jury might consider, in arriving at the total lump-sum verdict to be awarded for the value of the land condemned and the interest in land, if any, actually taken, the value to the lessee, Golfland, Inc., of the leasehold interest, and that, in arriving at the amount they should include in their verdict for this element of damages, they should consider the value of such leasehold to the condemnee, Golfland, Inc., as shown by the evidence, less the rentals contemplated by the lease contract to be paid therefor. The substance of appellant's contention in this respect is that the jury was not concerned with the apportionment of its award between the various condemnees, and that the jury was only authorized to award compensation based on the fair market value of the land actually taken, plus the consequential damages to the remaining land not taken, and that the portions of the charge excepted to in this case, in effect, authorized the jury to award double damages or damages in excess of the fair market value of the land actually taken. In support of this contention appellant cites numerous authorities from other jurisdictions. These authorities appear to support amply appellant's contention. The rule enunciated by these authorities, while variously stated therein, was succinctly summarized and restated by the annotator in a note in 69 ALR at p. 1263, appended to the report of the case of State v. Hall, 325 Mo. 165 (28 SW2d 80, 69 ALR 1256), as follows: "The rule is generally recognized (though not invariably followed) that, where there are several interests or estates in a parcel of real estate taken by eminent domain, a proper method of fixing the value of, or damage to, each interest or estate, is to determine the value of, or damage to, the property as a whole, and then to apportion the same among the several owners according to their respective interests or estates, rather than to take each interest or estate as a unit and fix the value thereof or damage thereto separately." As pointed out in the foregoing quotation, the rule is not invariably followed, and in State v. Platte Valley &c. District, 147 Neb. 289 (23 NW2d 300, 166 ALR 1196), the Supreme Court of Nebraska recognized, apparently without re-

gard to any constitutional requirements, the logic and necessity for a contrary rule. After quoting in its opinion from 18 AmJur 872, Eminent Domain, § 239, the Supreme Court of Nebraska said (166 ALR, at page 1209): "The question then presented is this: Shall the total compensation payable by the condemnor be measured by the value of a fee simple in the property, or shall it be based on the sum of the value of the separate interests? This problem and the difficulties of applying any one rule to the variable situations arising in these cases are pointed out in Orgel on Valuation under Eminent Domain, chapter IX, beginning on page 353. See, also 1 Nichols, Eminent Domain, 2d ed, s 231, p. 707; Annotation, 69 ALR 1263. The cases are cited in the texts. It appears from an examination of the cases that courts have held that the total amount to be paid by the condemnor may be less than the value of the separate interests, and generally that the sum of the separate values of the divided interests may not exceed the value of the whole, and that in exceptional circumstances the damages to the various interests, when added together, may exceed the value of the property as an unencumbered whole. Generally the courts have approached the problem from the standpoint of determining the value of that which the owner has lost rather than that which the condemnor has gained. In Boston Chamber of Commerce v. City of Boston, 217 U. S. 189 (30 SC 459, 460, 54 LE 725), the Supreme Court of the United States said: 'But the Constitution does not require a disregard of the mode of ownership, —of the state of the title. It does not require a parcel of land to be valued as an unencumbered whole when it is not held as an unencumbered whole. It merely requires that an owner of property taken should be paid for what is taken from him. It deals with persons, not with tracts of land. And the question is, what has the owner lost? not, What has the taker gained? We regard it as entirely plain that the petitioners were not entitled as a matter of law to have the damages estimated as if the land was the sole property of one owner. . .' "

We think that, under the plain pronouncement of the Supreme Court of Georgia in *Bowers v. Fulton County*, 221 Ga. 731 (146 SE2d 884), in this state, under our constitutional re-

quirement, that the condemnee be paid "just and adequate compensation" before his property is taken, the question which properly addresses itself to the jury's consideration, as in Missouri and Nebraska, is not "What has the taker gained?", but "What has the owner lost?", and that where there are separate interests to be condemned, the jury, in arriving at just and adequate compensation, is not only authorized but required to consider the value which the thing taken has to the respective owners of the interests being condemned. If just and adequate compensation to the owners of the various interests in the land being condemned requires that the total compensation exceed the value of the land, this presents no difficulty because, under *Bowers,* supra, and under the constitutional requirement mentioned, the jury is not only required to render a verdict for an amount which will justly and adequately compensate the condemnees for the value of the land taken, but also for whatever damages result to the condemnees from the condemnation proceeding. If there be anything in the ruling made in *State Hwy. Dept. v. Hollywood Baptist Church,* 112 Ga. App. 857 (146 SE2d 570), seemingly contrary to this ruling, it must yield to the authority of the Supreme Court in *Bowers.* It follows that none of the portions of the charge complained of by the appellant, which authorized the jury in arriving at its total lump-sum verdict to take into consideration the value to the lessee of its leasehold interest in the property condemned, were error.

■ The second error enumerated complains because the court charged the jury the measure of damages for destruction of the lessee-condemnee's leasehold interest in the property condemned because, it is contended, the charge was not applicable to the case, in that the evidence showed that only a very small portion of the leased premises was taken by the condemnation, and for this reason the court should, under these circumstances, have instructed the jury to prorate the award of damages for the destruction of the leasehold in the same proportion that the portion of the leased premises actually taken bore to the whole of the leased premises. This contention is without merit for several reasons. First of all, the evidence showed that the les-

see's interest was so damaged by the taking as to render the leasehold worthless to the lessee after the taking, and that the lessee elected to terminate the entire lease upon the taking. This evidence was not objected to. Furthermore, the charge as given with respect to the measure of damages for the leasehold interest was full and fair and, in the absence of a timely written request for an additional charge on this subject, was not error. *Equitable Credit Corp. v. Johnson*, 86 Ga. App. 844, 846 (8) (72 SE2d 816). Furthermore, a charge which states a legally correct principle is not rendered erroneous by the failure of the court to charge in immediate connection therewith some other pertinent and correct principle of law. *Belvin v. Beard*, 77 Ga. App. 681 (49 SE2d 546); *Burton & Class v. Connell*, 84 Ga. App. 106, 109 (2) (65 SE2d 620); *City of Decatur v. Robertson*, 85 Ga. App. 747, 750 (3) (70 SE2d 135); *Cowart v. Gunn*, 90 Ga. App. 680, 684 (6) (83 SE2d 832).

■ In its third enumeration of error the appellant, State Highway Department, contends that the trial court erred in charging the jury that they might consider, as elements in determining the fair market value of the land taken and the interest in land taken, the fair market value to the lessor and the fair market value to the lessee of the leasehold interest. One of the reasons advanced in support of this contention is that there was no evidence submitted showing that the market value of the land would not afford the condemnees just and adequate compensation for the damages which they sustained on account of the taking. The Highway Department further urges in this connection that there was evidence that the highest and best use for the property involved would be industrial use, and that for this reason the charge was erroneous. This evidence does not alter the fact that the jury was authorized to find from the other evidence adduced on the trial that the leasehold interest in the property had a special value to the lessee which could not be adequately compensated by an award of damages based on the mere fair market value of the land itself. The president of the lessee corporation testified without objection that the value of the leasehold interest to the corporation was $117,663.34. He was asked to state the basis

upon which he arrived at that conclusion, and upon his doing so and upon objection being interposed, the trial court excluded his testimony as to one of the three bases of that conclusion. There remained in the record, however, in support of the conclusion, evidence that the leased premises were being operated at a profit; that the operators were paying off prior indebtedness while maintaining their rental payments and other expense items, and that the business had enjoyed a net profit of $3,600 a year. While some of the stated bases for the witness' conclusion were undoubtedly objectionable, it cannot be said that the conclusion itself was wholly unsupported by the other evidence which was admitted without objection, and no motion having been made to exclude from the jury's consideration the conclusion of the witness on the ground that it was not adequately supported by testimony of facts, it was sufficient to authorize a charge thereon.

Evidence that the leased property was adaptable to other uses may have been relevant to show that the condemnee Thomas could recoup some of her claimed loss by devoting the remaining property to a higher and better use. Whether such evidence was sufficient to overcome the condemnees' evidence as to the market value of the leasehold interest or to show that the condemnee Thomas had, in fact, suffered no consequential damages as the result of the taking was solely a question for the jury to resolve, and the jury having found that Mrs. Thomas did in fact suffer consequential damages in the amount of $39,000, it cannot be said that this finding was not authorized by the evidence. The charge thus complained of was not error for any reason assigned.

■ The fourth contention of the appellant is that the court erred in refusing to permit a witness for the condemnor to testify, in effect, that in his opinion it was possible for the lessee-condemnee, Golfland, Inc., to minimize its damages by reconstructing one or more of its golf tees, fairways, and greens on another location on the property of the condemnee Thomas which was not condemned. This testimony was not relevant and was properly excluded. Assuming for the sake of argument that some duty arose on the part of Golfland, Inc. by reason

of the condemnation proceeding to minimize its damages (a matter which we seriously doubt to be so), the evidence shows that Golfland, Inc. leased a definitely described portion of the over-all tract of land owned by Mrs. Thomas, and not all of the land which she owned in the tract involved. The condemnor could not compel Mrs. Thomas to lease other portions of her land to Golfland against her will merely for the purpose of minimizing the condemnees' damages resulting from the condemnation. See 29A CJS 656, § 155, n 69; Wilson v. Fleming, 239 Iowa 718 (31 NW2d 393, 398); State v. Cook (Mo. App.) 161 SW2d 691. In the absence of a showing that Mrs. Thomas would have been willing to renegotiate the lease with Golfland, Inc. so as to grant to the corporation the right to use other and different land than that embodied in the leasehold which was condemned, the mere fact that it might have been possible to relocate the lessee-condemnee's facilities on other portions of Mrs. Thomas' land was wholly insufficient to prove that the condemnee Golfland, Inc. could in fact have minimized its damages by any such course of conduct. It does not appear that the condemnor offered to prove these essentials so as to make this evidence admissible, and under these corcumstances, this enumeration of error is not meritorious.

■ Appellant contends that the trial court erred in admitting in evidence the lease contract between the condemnees with a portion thereof detached. This contention is without merit. The record shows that, after considerable colloquy between the court and counsel concerning the admissibility in evidence of the lease with a portion of it detached, counsel for appellant suggested that if the court was going to admit the "bob-tail version of the lease," then the record ought to show what had been cut out. The court thereupon permitted counsel for the appellant to read the portion of the lease contract which had been detached. Under *Code* § 38-703, counsel for the appellant had the undoubted right to read into the evidence the remaining part of the lease contract if it was relevant. It does not affirmatively appear from the record whether the reading of the portion of the lease contract, as above stated, was in the presence of the jury or not, but if it was not and counsel for

the appellant wanted it read to the jury, it was incumbent upon him to offer to read it to the jury. Counsel did not do this, but now complains because a part of the contract was admitted. The appellant does not complain because he offered evidence which was excluded, but only that evidence which was clearly admissible was admitted. This complaint shows no erroneous ruling by the court. See *Lawton v. Blitch*, 83 Ga. 663 (1) (10 SE 353); *Waller v. State*, 102 Ga. 684, 686 (2) (28 SE 284); *Stokes v. Rutherford*, 192 Ga. 883 (1) (17 SE2d 78); *Southern R. Co. v. Robertson*, 7 Ga. App. 154, 162 (4) (66 SE 535).

■ The damages to be awarded by the jury are made up of two elements, that is, the value of the land or interest in the land taken, and the consequential damages to the land not taken. Under the Special Master Act all issues as to the right of the condemnor to condemn, the interest to be condemned, the nature of the interest taken, and the effect of the condemnation upon the respective rights of the parties are to be resolved by the special master, and when no exceptions are taken to his finding and it is made the judgment of the court, it is final, insofar as it adjudicates these matters, until set aside or reversed in a manner provided by law. *Bowers v. Fulton County*, 221 Ga. 731, supra. In the instant case the special master made an order which did not include a finding as to the effect of the condemnation proceeding on the lease contract, and the rights of the parties thereunder. The court recommitted the matter to the special master to make that finding, and he, pursuant to that order, made a finding in that regard which was thereafter, without any exception being taken thereto, made the judgment of the court. This matter thus became final. The contentions that the court erred in its ruling of October 7, 1963, that the rent between the lessor and the lessee should abate as of the date of the taking, and that the court erred in charging the jury in accordance therewith that the taking by the State Highway Department of a portion of the land leased to Golfland, Inc. by Mrs. Thomas terminated the lease between Mrs. Thomas and Golfland, Inc., and that no

rent was collectible or payable after October, 1962, are not meritorious.

■ The final contention of the condemnor relates to a portion of the charge to the jury in which, after stating the contentions of the condemnees with respect to the abatement of the lease by reason of the condemnation and the consequent loss to the condemnee Mrs. Thomas of the $250 per month rentals provided for therein, he further charged that "if you believe these contentions of Mrs. Thomas to be the truth of the case, you should find and render your verdict in favor of such contentions." It is contended by the appellant that this charge was error because, first, it authorized the jury to award to Mrs. Thomas the sum of $250 per month from the date of the taking to the termination of the lease as consequential damages. Without quoting from the charge complained of or from other portions of the charge, it is sufficient to say that we do not think that the charge was subject to this construction. The court elsewhere fully instructed the jury as to the proper measure of damages to be applied in the case, the burden of proof in the case, and the duties of the parties to produce evidence in support of their contentions, and as to the quantum of evidence to produce mental conviction as to the truth of the contentions of the parties. Having thus charged the jury, it was not incumbent upon the court, in the absence of a request, to instruct the jury in connection with its statement of the contentions of the parties, that they must find evidence to support those contentions before they would be authorized to believe them. Under these circumstances, the charge thus complained of was not erroneous for any reason assigned.

■ The evidence authorized the verdict, and no error of law appearing, the judgment appealed from must be affirmed.

*Judgment affirmed. Felton, C. J., and Pannell, J., concur.*