*R. W. Sheppard, C. T. Guyton,* for plaintiffs.

*D. H. Clark, H. B. Strange, Hines & Jordan,* for defendants.

---

## 2016. SOUTHERN RAILWAY COMPANY *v.* ROBERTSON.

1. The plaintiff pleaded and proved an actionable injury under the "employers' liability law" of the State of Alabama.

2. When a tort occurs in another State and suit is brought on account of it in the courts of this State, the lex loci delicti governs as to all substantive matters, the lex fori as to all matters affecting only the remedy, such as rules of evidence, methods of shifting the burden of proof, and the presumptions arising from given states of facts.

3. The Georgia rule that a railway employee suing the company for the negligence of a fellow servant must show that he himself was free from fault is a rule of substantive law, and is without applicability where a railway employee sues the company for an injury received in another State, where no such doctrine prevails.

4. Where one party offers a section of the code of another State as proof of the law of that State on a given subject, he is not required to introduce all cognate sections. If there are other sections applicable, the opposite party may offer them, but can not complain that his adversary has not done so.

5. There was no error in refusing a new trial.

Action for damages; from city court of Atlanta—Judge Reid. June 12, 1909.

Argued November 18,—Decided December 10, 1909.

*McDaniel, Alston & Black,* for plaintiff in error.

*Reuben R. Arnold,* contra.

POWELL, J. Robertson obtained judgment in the city court of Atlanta against the Southern Railway Company; and to the overruling of a motion for new trial, filed by the latter, exception is taken. The plaintiff, at the time of receiving the injury sued for, was working in the company's freight-yard at Birmingham, Alabama. It was a dark and rainy night, and while he was on top of a line of moving freight-cars, he was ordered by the conductor, under whose superintendency he was working, to come down off the car for the purpose of undertaking another duty. As he was descending on the ladder placed on the side of the car for that purpose, he came in contact with a box-car left on another track, which in general was parallel to the track on which the train was moving, but which, at the point of the injury had so converged toward the other track that there was not room enough for the plaintiff's body to pass between the moving train and the stationary car,—in railroad terminology, the stationary car had been left without the "clear." This stationary car had been thus placed, by the conductor and other employees, in the absence of the plaintiff and without his knowledge. On account of the darkness of the night and the fact that in descending the ladder his face was toward the moving train and his back was toward the stationary car, he did not see the car or know of its presence until it struck him. After he was knocked off he was run over and severely injured. This substantially states the plaintiff's testimony. The defendant offered nothing in reply.

The plaintiff pleaded and proved, as the basis of his recovery, what is known as the "employers' liability act" of the State of Alabama, contained in the Civil Code of Alabama of 1896, §1749, which provides, in substance, that the master or employer is liable to his servant or employee for personal injuries received by the latter in the service, to the same extent as if the employee were a stranger and not engaged in the service, in several enumerated cases. One of the cases of which liability may be predicated is when the injury is caused by reason of the negligence of any person in the master's service or employ, who has any superintendency entrusted to him, or to whose orders or directions the servant or employee at the time of the injury is bound to conform; another is where the injury is caused by reason of the servant's obedience to a particular instruction given by any person delegated with the

authority of the master in that behalf; also, where the injury is caused by reason of the negligence of any person in the service of the master, who has charge or control of (among other things) any switch, car, or train upon the track of the railway.

1. That the negligence of the conductor in giving the order to the brakeman, who was subject to his superintendency, would be the negligence of the master, under the statute of Alabama set out in the foregoing statement of facts, is hardly questionable. In Kansas City &c. R. Co. *v.* Burton, 97 Ala. 240 (12 So. 88), it was held that if a person who has charge or control of a car only for the purpose of bringing it to a rest upon the track places it in a dangerous position, and an injury results, it is actionable negligence, within the purview of the statute referred to. There is, therefore, no reason for reversing the judgment on the general grounds.

2. The court charged the jury, in substance, that if the plaintiff showed by the evidence that he was injured by the running of the cars of the defendant as alleged in the petition, and also that he himself was free from fault, the law would then presume that the defendant was negligent in the respect set out in the petition, and the burden would be cast upon the defendant to show that it was not negligent in the particulars charged, or else to show that the plaintiff's injury was due to some other cause than its negligence, but that the defendant would have the right to rebut this presumption by facts made to appear in the evidence. Indeed, the charge follows almost literally the rule stated by our Supreme Court in the case of *Central R. Co.* v. *Nash,* 81 *Ga.* 580, 584 (7 S. E. 808). Exception is taken to this charge, on the ground that, while it states a rule of evidence applicable to suits by railroad employees against railroad companies for injuries received in this State, it is without applicability to a tort committed in another State; that the Georgia statute creating the presumption of negligence in such cases is entitled to no extraterritorial force, and to apply it to the present case would be to give it extraterritorial force; that under the law of Alabama, where the alleged tort occurred, there is no presumption of the defendant's negligence in such cases, and the injured servant, as the plaintiff, must prove, without the aid of presumption, the negligence alleged by him against the master; that the Georgia rule of evidence is so interwoven with the statutory right given to servants in railway employment in this State, to hold

the railway company's employees liable for the tortious acts of fellow servants, as to become a part of the substantive law in such cases, and not a mere law relating to the remedy.

Fair and able counsel for the plaintiff in error, recognizing that our Supreme Court in the case of *Richmond & Danville R. Co.* v. *Mitchell, 92 Ga.* 77, 80 (18 S. E. 290), had held that the rule of evidence by which a railway employee hurt by the running of the train or by the negligence of a fellow servant may make a prima facie case was applicable to an injury by a railway employee hurt in Alabama and suing under the "employers' liability act" in that State, requested this court to certify the question of the soundness of that case to the Supreme Court, in order that an attempt may be made in that court to have the case reviewed and overruled. This court has no power, of course, to overrule a Supreme Court decision, and the decisions of that court are binding on us as precedents, but we have the right to certify questions to the Supreme Court for the purpose of giving that court an opportunity to review and to distinguish, or to reverse, its own prior rulings. The rule of this court (Rule 31) on the subject, however, provides that when counsel has presented a request for a review of a Supreme Court decision, "if, upon consideration of the question, this court is of opinion that the decision should be modified or overruled, or that the question is one of so much doubt that it should be referred to the Supreme Court for consideration, this court will certify such question to the Supreme Court." While we have some doubt as to the soundness of all the rule stated in the *Mitchell* case, supra, we have no doubt of its soundness as against the attack made by the plaintiff in error. We think that it states the rule too strongly as against an employee suing under the Alabama statute, and does not state the rule at all unfavorably as against the employer. This may be made plainer by a discussion of some of the elementary principles involved in the rule. It is well recognized that where the tort is committed in one State and suit is brought on account of it in the courts of another State, the plaintiff's right of action and the substantive law applied to the transaction will be controlled exclusively by the lex loci delicti, so far as the same is not repugnant to the public policy of the State where the suit is brought, or is not forbidden recognition by the courts of that State by reason of some other principle of private international law. On the other hand, all matters relating

exclusively to the remedy will be governed by the laws of the forum. Rules of evidence, where they are not so interwoven into a right as to become substantially a part thereof, relate to the remedy, and are not a part of the substantive law, and are, therefore, to be discovered from the laws in force in the State where the suit is pending. See, generally, *G. F. & A. Ry. Co.* v. *Sasser,* 4 *Ga. App.* 277 (61 S. E. 505) ; *Sou. Ry. Co.* v. *Decker,* 5 *Ga. App.* 21 (62 S. E. 678) ; *A. & W. P. R. Co.* v. *Broome,* 3 *Ga. App.* 641 (60 S. E. 355) ; *R. & D. R. Co.* v. *Mitchell,* supra.

Touching the respective laws of Alabama and of Georgia, concerning the right of railway employees to sue the company for injuries received through the operation of trains, a difference will be discovered, both as to the substantive law and as to the rules of evidence. As to the substantive law the Alabama statute should control; as to the rules of evidence the Georgia law. In Georgia railway employees may recover for the negligence of fellow servants, but upon a condition that does not exist in any other case where a servant seeks to establish liability against his master,— namely, that he is without fault; the ordinary rule being that the servant may recover of the master for any actionable negligence for which the latter is answerable, unless the servant has been guilty of contributory negligence—a very different thing in many cases from being free from fault. Compare *Sou. Ry. Co.* v. *Salmon,* 132 *Ga.* 753 (65 S. E. 70). Under the Alabama statute the railway employee may recover against the company for the negligence of certain designated fellow servants, and his right is not limited by any such condition as that found in the Georgia statute; he does not have to show, as does a servant injured in Georgia, that he was free from fault; for while the servant's contributory negligence, if amounting to a failure to exercise ordinary care, would be a defense to the company under the Alabama statute, it would be an affirmative defense, and not a matter which the servant plaintiff would have to negative in the first instance. It follows, therefore, that when a railway employee is injured in Alabama by the negligence of a fellow servant, for whose conduct the railway company is responsible under the laws of that State, and suit is brought in a Georgia court for the redressing of the injury, the plaintiff's right to recover would not be dependent upon his freedom from fault, and therefore would not be conditioned upon his ability to

show that he was free from fault.   Therefore, all that the plaintiff in such a case should be required to show, in order to make out a prima facie case, is that he was injured, and that the defendant, or a fellow servant for whose act the company under the Alabama law is responsible, was negligent in the manner stated in the petition, and that the negligence was the proximate cause of the injury.

Usually proof of a given state of facts may be made either by direct testimony, by circumstantial evidence, or by presumptions. Generally speaking, the determination of what presumptions should be drawn from particular situations is a matter for the legislature, and, when so determined, they become a part of the law of evidence of the State where adopted, and binding upon the courts of that State in the trial of all cases involving the particular predicament upon which the presumption is declared by the statute or law to arise.   The Georgia legislature, some fifty years ago, determined that when a person suffered damage at the hands of a railroad company through the running of locomotives, cars, or other machinery, or at the hands of some agent in the service of the company, there should be a presumption that the injury or damage arose through the negligence of the company, unless it made the contrary to appear.   Civil Code, § 2321.   In some of the decisions it has been said that this statute is merely a declaration and extension of the maxim res ipsa loquitur.   The writer doubts that the maxim referred to is, in its ordinary sense, broad enough to cover the whole notion involved in the reason underlying the statutory presumption. It would seem that the reason for the rule is this: When locomotives, cars, etc., are run carefully and diligently, injuries do not ordinarily happen therefrom (thus far, the reason is in accordance with the maxim res ipsa loquitur), but sometimes injuries do happen, notwithstanding the locomotives, cars, etc., are carefully operated; nevertheless, in such cases it is so highly probable that the employees, who should be present with the train, and on the lookout, and diligent to prevent casualties, will see and know of the cause of the occurrence, and therefore will be in a position to give information in regard thereto, if they are not negligent, as to authorize the presumption that, in the absence of a satisfactory showing by them of facts exculpating the company, it was negligent.   The very fact that the employees, who should be watchful and attentive, do not know and do not disclose the cause of the

injury is a reason for inferring that they were negligent, or that negligence of the company was the cause of the injury; and this inference is so strong as to justify the legislature in declaring a presumption to that effect.   So too, in a case where the injury is done by an employee of the company, the presumption arises on substantially the same grounds,—that, if he has been so inattentive to his conduct as to injure a person or property without knowing it, or without knowing how he did it, there is sufficient room for the inference that he was negligent at the time he did it.    Hence, it may be seen that our statutory presumption is based on two cognate principles : the one usually declared by the maxim res ipsa loquitur, and the other embodied in the presumption arising from the failure of a party to produce proof in his possession.    In light of the reasons underlying this rule, it can hardly be said that it is anything other than a pure rule of evidence.    It is not a part of the substantive law, by which the liability of the defendant is to be measured.

Coming now to the case of an employee of a railroad company who has been injured in the service : It is necessary for him to prove the fact of the injury, also to prove the fact of the defendant's negligence, and further (since we are speaking now of an injury occurring in this State) to prove that he himself was free from fault. The rule of evidence contained in the Civil Code, §2321 (the presumption arising from the unexplained fact that he was injured by the running of a train), is open to him as a method of proof, and by it he may prove one element of the case, the defendant's negligence, but he does not thereby prove the other element of his case, his own freedom from fault.    But if he does prove his own freedom from fault and he further shows that he was injured in one of the methods stated in the statute, he does make a prima facie case, for then he has proved both elements.    It is true that a railway employee is sometimes allowed to recover without directly proving his freedom from fault; in such cases he proves affirmatively, and without resort to the presumption, that the injury was occasioned by some negligent act of the master or of a fellow servant; but in doing this he is, in a way, proving his own freedom from fault; for having shown affirmatively that the effect in question was produced by other causes, he inferentially excludes the idea that the effect was traceable to any fault of his.    The rationale underlying

this use of the presumption toward making out a prima facie case for a railroad employee suing on account of negligence of a fellow servant is discussed at some length in the case of *Atlanta & Birmingham Air-Line Railway* v. *McManus,* 1 *Ga. App.* 302 (6), 307 (58 S. E. 258). But if the injury occurred in Alabama, the substantive law not making the plaintiff's freedom from fault an element of his prima facie case, he ought to be allowed to recover whenever he shows that he was injured by reason of the defendant's actionable negligence. This element (the defendant's negligence) ought to be proved, whenever the case is brought in one of the courts of this State, by those rules of proof which prevail in the courts of this State; and since trains are operated by railway companies in Alabama by the same general means and methods as they are in Georgia, there is no reason why he could not prove the defendant's negligence in such a case by the presumption which the legislature of this State has declared that the courts shall recognize as adequate proof of the particular fact. If Alabama should have a statute or rule of evidence by which plaintiffs were not allowed to prove facts by circumstantial evidence, that rule would not be applied to a trial occurring in this State, though the cause of action arose in that State. Just so, the rule prevailing in Alabama, that the plaintiff in this class of cases can not make the necessary proof by reason of a presumption, does not apply when the suit is brought here. So that the only objection to applying the Georgia rule, that the plaintiff railway employee suing the company for an injury by a fellow servant makes out a prima facie case by showing that he was hurt in the operation of a train, and that he was free from fault, is that it puts on the plaintiff the burden of proving, by recognized methods of proof, an element (his freedom from fault) not necessary to be proved under the substantive law by which the case is to be tried. Therefore, as we have said above, the only disagreement we have with the case of *R. & D. R. Co.* v. *Mitchell* is not wherein it makes the presumption of negligence applicable, but wherein it implies that the plaintiff would have to go further and prove his freedom from fault, just as if he had been injured by a fellow servant in Georgia. The departure from the true rule being in favor of the plaintiff in error, we will not allow it to complain of it.

To enforce the local rule as to presumptions and as to the method

of shifting the burden of proof in this case is not to give extraterritorial effect to the Georgia statute.    If the Georgia rule on this subject is not applied so far as its letter or spirit authorizes, there would be no rule applicable; for certainly it would be to give extraterritorial effect to the Alabama rules on the subject, whatever they may be, if the courts of this State should seek them out and attempt to apply them.    Whenever some employee is hurt in Georgia and sues in Alabama, and his counsel seeks to invoke there the Georgia presumption and rule as to shifting the burden of proof, it will be a fit case in which to raise the proposition that the Georgia statute has no extraterritorial force.

3.    Counsel on both sides of the case recognize that under the Alabama law a servant may recover, irrespective of the abstract question of his freedom from fault, provided that he has not been guilty of contributory negligence, which is an affirmative defense open to the defendant.    The court so charged the jury in this case, and the plaintiff in error excepts, on the theory that while this would be the rule if the action were pending in an Alabama court, it is not an enforceable rule, since the action has been brought in Georgia.    This is a matter relating to the substance of the transaction, and not relating to the method by which the transaction should be proved.    The court, therefore, properly instructed the jury that the plaintiff might recover upon proof of the injury, and of the defendant's negligence in the manner set out in the petition, unless it appeared that he himself had been guilty of contributory negligence, such as under the law would bar his recovery.    The court also declared ordinary care to be the measure of the diligence of the plaintiff as well as of the defendant.

4.    Complaint is made that the court refused to compel the plaintiff, when he introduced that portion of the Civil Code of Alabama which contains the "employers' liability act," also to introduce section 6115 of the same code, which provides, in substance, that all actions brought under this "employers' liability act," must be brought in some court of the State of Alabama, and not elsewhere.    In the case of *Southern Ry. Co.* v. *Decker*, supra, we said, as to this statute: "Our own sense of justice, subject to the guidance of the lawmaking power of this State, determines solely and alone what laws, domestic or foreign, we will enforce; and this discretion is subject to neither limitation nor extension by the legislature of

any other State." Since that time the Supreme Court of the United States, in the case of Atchison Ry. v. Sowers (decided March 1, 1909), 213 U. S. 55 (29 Sup. Ct. 397, 53 L. ed. 695), has expressed the same view as to a similar statute. See also St. Louis Ry. Co. v. Taylor, 210 U. S. 281 (28 Sup. Ct. 616, 52 L. ed. 1061). However, it seems that the question is not before us; because the defendant did not introduce the statute on which he relies; and there was no error in not requiring the plaintiff to introduce it. Civil Code, § 5241. There are two other minor assignments of error in the record, but they are not meritorious.

*Judgment affirmed.*