40603. RECORD TRUCK LINE, INC. v. HARRISON, Administrator.

DECIDED APRIL 7, 1964—REHEARING DENIED MAY 4, 1964.

*Smith, Swift, Currie, McGhee & Hancock, William W. Horton, James B. Hires, Jr.,* for plaintiff in error.

*James I. Parker,* contra.

EBERHARDT, Judge. ■ (a) Service was accomplished here by serving the Secretary of State as provided for by the Motor Common Carrier Act of 1931, as amended (*Code Ann.* § 68-618 (a)), and the question raised by a traverse of the service is whether it was accomplished in accordance with the provisions of the Act. It is alleged that the defendant, Record Truck Line, Inc., "is doing business in Georgia as a common carrier for hire under the provisions of § 68-633, Georgia Code Annotated," and this is not controverted in the traverse of service, the motion to quash process or the plea to the jurisdiction. *Code* § 68-633 provides, inter alia, that "Motor common carriers engaged solely in inter-

state commerce on or over the highways in this State may operate without certificates, but shall register with the Commission the routes over which they operate,· the number of motor vehicles and trailers operated by them, and the character and capacity of such vehicles, the forms for such registration to be prescribed by the Commission." It is to be assumed, then, that Record Truck Line, Inc. has complied with the statute. Unless it has agents or a place of business in Georgia, service could be perfected only by serving the Secretary of State in the manner prescribed by *Code Ann.* § 68-618 (a). *Southeastern Truck Lines v. Rann,* 214 Ga. 813, 816 (108 SE2d 561).

Do the provisions of *Code Ann.* § 68-618 (a) restrict the appointment of the Secretary of State as its process agent by a foreign motor common carrier to those situations involving a cause of action *arising in this State or from the use of the highways of this State?* We find no language either in the caption of the Act (Ga. L. 1963, p. 376) or in the Act itself (now *Code Ann.* § 68-618 (a)) restricting the appointment to those instances. Indeed the provision is that the carrier shall appoint a process agent in this State, and, upon failure to file a designation of the agent with the Commission, it is to be conclusively deemed that the Secretary of State has been designated, "upon whom may be served all summonses or other lawful processes in any action or proceeding against such motor common carrier *growing out of its carrier operations.*" (Emphasis supplied). This provision neither restricts nor limits the appointment to actions arising out of the carrier's business or operations in this State or out of its use of the highways of this State. Service here was in accordance with the statutory provision, and dismissal of the traverse was proper.

On the question of jurisdiction of the subject matter, it is settled that the courts of this State have jurisdiction to· entertain a transitory cause of action arising elsewhere. *Southern R. Co. v. Parker,* 194 Ga. 94 (21 SE2d 94). An able delineation of a court's jurisdiction of subject matter, of the person and of the matter of venue, with which we are in full accord, is found in Judge Hall's special concurrence in *Standford v. Davidson,* 105 Ga. App. 742, 745 (125 SE2d 720). It was also proper to overrule and dismiss the motion to quash the process.

(b)   Having determined that the service was perfected in accordance with the provisions of the statute and that the court had jurisdiction of the subject matter of the suit, the only question raised by the plea to the jurisdiction is that of venue.   The provisions as to that are found in *Code Ann.* § 68-618 (b).   While it is provided there that an action against a nonresident motor common carrier *may* be brought "in the county where the cause of action or some part thereof arose," this does not have the effect of restricting or limiting the venue in that respect.   This provision does contemplate an action arising out of a transaction in this State, but even then it does not *require* that the action be brought in the county where it arose.   If more were needed we have but to look to the last sentence of this section providing that "The venue prescribed by this section shall be cumulative of any other venue provided by law."   It is provided by Art. VI, Sec. XIV, Par. IV of the Constitution (*Code Ann.* § 2-4904) that suits against joint tortfeasors residing in different counties may be brought and tried in either county.   This includes the right to bring the action in the county of the residence of a resident of Georgia and join as a defendant a tortfeasor who is a nonresident of the State if the nonresident can be lawfully served with process.   See *Lloyd Adams, Inc. v. Liberty Mut. Ins. Co.,* 190 Ga. 633 (1) (10 SE2d 46).

While the provisions of the Motor Common Carrier Act as to service on nonresident motor carriers are in derogation of common law and are to be strictly construed, *Norris Candy Co. v. Dixie Hwy. Exp., Inc.,* 102 Ga. App. 665 (117 SE2d 250), the construction here does no violence to that rule.   It is, we think, wholly in accord with the plain provisions of the statute.

It was pointed out in *Cheek v. Norton,* 106 Ga. App. 280 (126 SE2d 816) that "It is no longer open to question that States have the right, by resorting to the legal fiction that nonresidents using their highways impliedly consent to the appointment, to declare by statute under the general police power that some State officer shall be the agent of the nonresident for service upon him in actions arising out of his use of their highways."   While the action here may not have arisen out of the use of the Georgia highways and constitutional questions might have been made,

e.g., as to whether the service provided for in *Code Ann.* § 68-618 (a) deprived a carrier of due process, whether the provision is an undue burden on interstate commerce, etc., those questions were not raised by the traverse, the motion to quash or the plea to the jurisdiction. Consequently, there is before us only the matter of whether the statute has been complied with and whether the venue is properly laid. As to both we answer in the affirmative.

■ "At common law there was no right of action to recover damages on account of a homicide. The rule was changed in England in 1846, by Lord Campbell's Act, and in this State by the Act of 1850, which for the first time permitted such recovery." *Bloodworth v. Jones,* 191 Ga. 193, 194 (11 SE2d 658); *Burns v. Brickle,* 106 Ga. App. 150, 151 (126 SE2d 633); *Code Ch.* 105-13.

■ "When a tort occurs in another state and suit is brought on account of it in the courts of this State, the lex loci delicti governs as to all substantive matters, the lex fori as to all matters affecting only the remedy, such as rules of evidence, methods of shifting the burden of proof, and the presumptions arising from given states of facts." *Southern R. Co. v. Robertson,* 7 Ga. App. 154 (2) (66 SE 535). If the tort occurred in another State that was one of the thirteen original colonies or was carved from territory of the thirteen original colonies, there is a presumption that the common law of England exists in that State. *Trustees of Jesse Parker Williams Hospital v. Nisbet,* 189 Ga. 807, 811 (7 SE2d 737). "Where a party seeks to rely on the law of another State as furnishing the basis for a right of recovery or defense different from what it would be under the laws of this State, or the common law, the law of such foreign State should be pleaded and proved." *Southern Exp. Co. v. Hanaw,* 134 Ga. 445 (7) (67 SE 944, 137 ASR 227). "[T]he law must be pleaded, or else the court will presume that the common law is of force and will apply common law principles, at least as to causes of action arising in one of the thirteen original States or in a State which was carved from them. To plead a foreign law it is not enough to refer merely to the volume in which the law is contained. The law should be set out, so that the court may

■

on inspection of the pleadings determine whether or not the plaintiff has drawn a correct conclusion as to the construction and effect of the law." *Green v. Johnson,* 71 Ga. App. 777, 779 (32 SE2d 443).

If no statute of the foreign State is pleaded the common law as interpreted by the courts of this State determines the rights of the respective parties.[1] *Craven v. Brighton Mills, Inc.,* 87 Ga. App. 126, 129 (73 SE2d 248); *Greenfield v. Chronicle Printing Co.,* 107 Ga. App. 442 (1) (130 SE2d 526). The common law as applied by the courts of this State is the common law and statutes of England that were of force May 14, 1776. *Harris v. Powers,* 129 Ga. 74 (2) (58 SE 1038, 12 AC 475); *Hannah v. State,* 212 Ga. 313, 322 (92 SE2d 89).

■ While Alabama was not one of the thirteen original colonies it was formed from a part of the territory of Georgia, and thus these rules apply in the situation here. It must follow that the overruling of the general demurrer was error.

*Judgment reversed. Bell, P. J., and Jordan, J., concur.*

---

[1]An Alabama statute authorizing the administrator to maintain an action for damages for the wrongful death of the decedent is not contrary to the public policy of this State and, if pleaded, will be given effect, *Southern R. Co. v. Decker,* 5 Ga. App. 21 (62 SE 678), and will be afforded the same construction here as by the court of last resort in that State. *Hamby v. Hamby,* 99 Ga. App. 808, 817 (110 SE2d 133).