27154.   FISHMAN et al. v. THE STATE.

Jordan, Justice. Fishman, Jernigan, and Smith appeal convictions for distributing obscene materials. It is asserted that jurisdiction of the appeal is in this court pursuant to Article VI, Section II, Paragraph IV of the Constitution of Georgia (*Code Ann.* § 2-3704) because construction

of the Constitutions of the United States and Georgia is required and because the constitutionality of Ga. L. 1968, pp. 1249, 1302; 1971, p. 344 (*Code Ann.* § 26-2101) and Ga. L. 1970, p. 173 (*Code Ann.* § 26-2102) is drawn in question. The sole asserted error in this respect is that "The court erred in finding the appellants guilty because . . . (d) The publications were not obscene in the constitutional sense, as a matter of law." Additionally, however, it is contended that asserted errors in refusing to direct a verdict raise constitutional questions.

The offenses for which the appellants stand convicted are laid under the provisions of *Code Ann.* § 26-2101. This statute has been subjected to the various constitutional attacks here argued and has been upheld by this court. *Gornto v. State,* 227 Ga. 46 (178 SE2d 894), cert. den. 402 U. S. 933 (91 SC 1525, 28 LE2d 868). See also, Gable v. Jenkins, (N. D. Ga) 309 FSupp. 998, affirmed 397 U. S. 592 (90 SC 1351, 25 LE2d 595).

Once the constitutionality of a statute has been finally and conclusively determined by this court, the questions cannot again be urged in a case where jurisdiction of the subject matter is otherwise properly in the Court of Appeals. *Huguley v. State,* 225 Ga. 191 (1) (167 SE2d 152). In our opinion the asserted errors involve only the application of constitutional standards to a given set of facts, and do not reach any issue concerning the construction of any provision of the Constitution of the United States or Georgia. See *City of Atlanta v. Donald,* 220 Ga. 98 (137 SE2d 294) and numerous cases cited therein.

The appeal is one within the jurisdiction of the Court of Appeals, and is therefore not subject to dismissal as the State insists because appellants have failed to raise a constitutional question within the jurisdiction of the Supreme Court. Accordingly, the case is

*Transferred to the Court of Appeals. All the Justices concur.*
ARGUED APRIL 11, 1972—DECIDED MAY 3, 1972.

*D. Freeman Hutton, Robert Eugene Smith,* for appellants.
*Ken Stula, Solicitor, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, David L. G. King, Jr., Assistant Attorneys General,* for appellee.