### 27761. BREAUX v. THE STATE.

UNDERCOFLER, Justice. Alvin J. Breaux was tried and convicted in the Criminal Court of Fulton County on an accusation charging him with violating Code Ann. §

26-2610 (b) (Ga. L. 1968, pp. 1249, 1316). Prior to the trial the defendant attacked the constitutionality of this statute. The trial court held that the statute was constitutional. The jury found that the defendant was guilty and he was sentenced to 12 months imprisonment. He filed an amended motion for new trial which was overruled. He appeals to this court. *Held:*

1. Code Ann. § 26-2610 (b) provides: "A person who commits any of the following acts is guilty of a misdemeanor: . . . (b) Without provocation, uses obscene and vulgar or profane language in the presence of a female or of a male under the age of 14 years." The appellant contends that Code Ann. § 26-2610 (b) (Ga. L. 1968, pp. 1249, 1316) is unconstitutional because it is vague, indefinite, and overbroad in violation of the due process and equal protection clauses of the Constitutions of the United States and the State of Georgia (Code §§ 1-801, 1-814, 1-815, 2-102).

The appellant argues that "obscene and vulgar or profane language" is too vague, indefinite and overbroad to put one on notice of the prohibited conduct. In Chaplinsky v. New Hampshire, 315 U. S. 568, 571 (62 SC 766, 86 LE 1031) it was said, "Allowing the broadest scope to the language and purpose of the Fourteenth Amendment, it is well understood that the right of free speech is not absolute at all times and under all circumstances. There are certain well-defined and narrowly limited classes of speech, the prevention and punishment of which have never been thought to raise any Constitutional problem. These include the lewd and obscene, the profane. . . . It has been well observed that such utterances are no essential part of any exposition of ideas, and are of such slight social value as a step to truth that any benefit that may be derived from them is clearly outweighed

by the social interest in order and morality. 'Resort to epithets or personal abuse is not in any proper sense communication of information or opinion safeguarded by the Constitution, and its punishment as a criminal act would raise no question under that instrument.' " ". . .[T]he statute must be carefully drawn or be authoritatively construed to punish only unprotected speech and not be susceptible of application to protected expression." Gooding v. Wilson, 405 U. S. 518, 522 ( 92 SC 1103, 31 LE2d 408 ).

As we view the statute it punishes unprovoked, obscene, vulgar or profane language used in the presence of a female or in the presence of a male under 14 years of age when "such utterances are no essential part of any exposition of ideas, and are of such slight social value as a step to truth that any benefit that may be derived from them is clearly outweighed by the social interest in order and morality." Chaplinsky v. New Hampshire, supra. Language is obscene, vulgar or profane when, under the circumstances and manner in which such utterance was made, it would clearly offend a reasonable person's sense of decency.

It follows that Code Ann. § 26-2610 (b) is not too vague, indefinite and overbroad to violate the due process and equal protection clauses of the State and Federal Constitutions.

2. The appellant contends that the evidence was not sufficient to convict him.

The jury was authorized to find from the evidence that an eleven-year-old girl was approximately 3 houses away from her home when a small black car with a black vinyl top stopped beside her. The male driver rolled his window down. The girl thought he wanted directions and went up to the car. The driver said to her "Have you ever been laid?" She immediately walked across the street. He stayed parked a moment until she got across the street and drove away. She memorized his

license number, went home and wrote the number down. She reported the incident to her grandmother at home and when her father came home from work, she told him. The police were called and through the license number of the car and pictures the defendant was identified as the man who spoke the words to the girl. The appellant was positively identified by the female as the offender. Under the circumstances the language used was obscene and the evidence was sufficient to support the verdict.

3. The appellant contends that the eleven-year-old girl did not understand the meaning of the words "Have you ever been laid before?" and therefore no crime was committed.

On cross examination the child was asked what the word "laid" meant. She testified that she knew its meaning because her mother had told her but that she was not old enough to tell anybody what it meant because she did not "want to say it." Although there is contradictory evidence, the jury was authorized to find from her testimony that she knew the meaning of the words spoken to her.

*Judgment affirmed. All the Justices concur, except Gunter, J., who dissents.*

ARGUED MARCH 13, 1973 — DECIDED APRIL 25, 1973.

*Virginia A. Bips, Opal L. Pryor,* for appellant.

*Hinson McAuliffe, Solicitor, James A. Webb, Frank A. Bowers, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, David L. G. King, Jr., Assistant Attorneys General,* for appellee.

Gunter, Justice, dissenting. I am of the opinion that the statute attacked in this case, Code Ann. § 26-2610 (b), is vague and overbroad and is susceptible to the constitutional attacks leveled against it.

This statute was enacted in 1968 as a part of the Criminal Code of Georgia, effective July 1, 1969. It provides that a person who, without provocation, "uses obscene and vulgar or profane language in the presence of a female . . ." is guilty of a misdemeanor.

First, this statute does not prohibit conduct. It prohibits speech, speech that is obscene and vulgar or profane in the presence of a female. Speech is protected by the First Amendment. The First Amendment is made applicable to Georgia by the Fourteenth Amendment which means that Georgia, through its legislature, shall make no law "abridging the freedom of speech."

There are certain well-defined and narrow limited classes of speech that are not protected by the First Amendment. However, a statute prohibiting such classes of speech must be carefully drawn or be authoritatively construed to punish only such classes of speech as are unprotected by the First Amendment.

What is "obscene and vulgar or profane language" used in the presence of a female? These words, to me, are inherently subjective. They do not in and of themselves provide a definitive standard by which an average person can determine whether the speech he utters is prohibited. The statute itself does not make any attempt to limit or define the words "obscene and vulgar or profane."

I am therefore of the opinion that the statute, on its face, is too vague and too broad to be enforced as a legitimate abridgment of freedom of speech. This statute permits a jury to create its own standard in each case. The statute does not prescribe a reasonably ascertainable standard or definition of speech or language that is prohibited.

Likewise, the construction placed on the statute by the majority opinion does not establish a more meaningful standard or definition of the prohibited language than does the statute itself. That construction is as follows: "Language is obscene, vulgar or profane when, under the

circumstances and the manner in which such utterance was made, it would clearly offend a reasonable person's sense of decency."

It seems to me that this construction of the statute still leaves the definition of what is prohibited in the inherently subjective realm. The fault with the statute and with this construction of the statute is that it "leaves wide open the standard of responsibility, so that it is easily susceptible to improper application." See Gooding v. Wilson, 405 U. S. 518, 528 (92 SC 1103, 31 LE2d 408) (1972), quoting from 303 FSupp. 952, 955.

I conclude that this statute as written and as construed by the majority is too vague and too broad to be constitutionally enforceable.

I respectfully dissent.