## 49539. ANDREWS et al. v. DEPARTMENT OF TRANSPORTATION et al.

BELL, Chief Judge.

Plaintiff brought this suit for wrongful death based on negligence against the Department of Transportation and one of its employees. The trial court dismissed the Department of Transportation as a party on the basis of sovereign immunity. *Held:*

1. Code Ann. § 95A-304 (a) (Ga. L. 1973, pp. 947, 983) provides: "The Department shall have the authority to bring suits, and it may be sued in such actions as are permitted by law. In addition, the department may adjust

and make settlement of any and all claims presented to it under oath." Code § 95-1505, the former law on this subject, provided: "The Highway Department may sue and be sued and may make settlement of all claims presented to it under oath." It is argued that the addition of the clause in the new statute "and it may be sued in such actions as are permitted by law," shows a clear legislative intent to waive the doctrine of sovereign immunity as to the Department of Transportation. We disagree. The Supreme Court in *Tounsel v. State Hwy. Dept.* 180 Ga. 112, 119 (178 SE 285) held: ". . . while the statute [Code § 95-1505] provides that the State Highway Department may sue and be sued, such suits must be those provided by law." The Supreme Court in *Tounsel* stated that power to sue the Highway Department can be used only for special purposes and mentioned that it was unquestioned that a suit could be maintained against the Highway Department "by mandamus, injunction, and the like." Further, suits are "permitted by law" against this arm of the state for breach of contract (*State Hwy. Dept. v. MacDougald Constr. Co.,* 54 Ga. App. 310 (187 SE 734); *State Hwy. Dept. v. Cobb &c. Co.,* 111 Ga. App. 822 (143 SE2d 509)); and for recovery of just compensation where private property is taken or damaged for public purposes (Code Ann. § 2-301). The additional language in Code Ann. § 95A-304 (a) is nothing more than a codification of the holding in *Tounsel* that only under certain limited and previously recognized circumstances may suits be maintained against the Department of Transportation. There was no intent by the General Assembly to waive immunity and permit suits for torts against the Department of Transportation.

2. In *Crowder v. Department of State Parks,* 228 Ga. 436 (185 SE2d 908) it was held that the doctrine of sovereign immunity does not violate either the State or Federal Constitution and its abrogation is a matter which addresses itself to the legislative and not the judicial branch of government. Once a constitutional question has been finally and conclusively determined by the Supreme Court, in later cases raising the same question, the courts merely apply the holding of the Supreme Court and the appellate jurisdiction for that is in the Court of

Appeals. *Huguley v. State,* 225 Ga. 191 (167 SE2d 152). The enumerations of error attacking the constitutionality of the doctrine of sovereign immunity present nothing for review by this court as the Supreme Court has held the doctrine to be constitutionally proper. *Rush v. Southern Property Management,* 121 Ga. App. 360 (173 SE2d 744).

*Judgment affirmed. Quillian and Clark, JJ., concur.*

ARGUED JULY 1, 1974 — DECIDED OCTOBER 1, 1974 — REHEARING DENIED OCTOBER 18, 1974 —

*Lazarus, Stokes & Kaplan, Marion B. Stokes, III, John H. Watson,* for appellants.

*Arthur K. Bolton, Attorney General, Robert S. Stubbs, II, Executive Assistant Attorney General, Richard L. Chambers, Marion O. Gordon, Assistant Attorneys General, Michael E. Sullivan, Deputy Assistant Attorney General,* for appellees.