52666. WATTS et al. v. SIX FLAGS OVER GEORGIA, INC.

STOLZ, Judge.

The appellants, two brothers, brought suit against the appellee based upon an incident which occurred at the appellee's amusement park. The appellants sued in tort charging the appellee with malicious arrest, malicious prosecution, false imprisonment, assault, and battery. At the trial before a jury, a verdict was directed in favor of the appellee. The appellants' motion for new trial was dismissed as abandoned. On this appeal the appellants contest those actions of the trial court.

On a Saturday in July of 1972, the appellants attempted to enter the Six Flags amusement park. They were refused admission due to the fact that they were not

wearing shirts, and expressed their feelings concerning that situation through animated cursing. After remaining near the park entrance for a considerable period of time, one of the appellants entered the park, allegedly to see what time it was. He was accosted by a park security guard, who attempted to escort him to the security office. A scuffle and more cursing ensued. The appellants then proceeded to leave Six Flags, but were halted by another security guard, who informed them that they could not leave because they were going to be arrested for assault. The appellants ran. Security guards finally caught the appellants, who put up a substantial fight to prevent their arrest. Criminal charges were filed against the appellants for battery, trespass, and use of abusive language. They were acquitted, however, and filed this civil action against the appellee for assault, battery, false imprisonment, malicious arrest, and malicious prosecution.

1. We find the appellants' enumerations of error on general grounds to be without merit. See *West v. Baumgartner,* 228 Ga. 671 (2) (187 SE2d 665) (1972); *Joiner v. Ocean Steamship Co.,* 86 Ga. 238, 242 (12 SE 361) (1890); *Kent v. Southern R. Co.,* 52 Ga. App. 731, 732 (184 SE 638) (1935).

2. The appellants' enumeration of error alleging that the court erred in charging Code § 105-1803, which deals with consent to a tort precluding recovery, is also without merit. We would direct the appellants' attention to the fact that nowhere in the jury charge, which is contained on page 177 of the transcript, is there any mention of consent by a tortfeasee precluding recovery.

3. The appellants contend that the court erred in not declaring Code Ann. § 26-2610 (Ga. L. 1968, pp. 1249, 1316) unconstitutional as a violation of the First and Fourteenth Amendments to the United States Constitution. The appellants' contention is without merit, however, as this issue was definitively settled by the Georgia Supreme Court in *Breaux v. State,* 230 Ga. 506 (1) (197 SE2d 695) (1973), which held the statute to be constitutional.

We would note that this court does have jurisdiction to consider this particular constitutional issue. "Once a

constitutional question has been finally and conclusively determined by the Supreme Court, in later cases raising the same question, the courts merely apply the holding of the Supreme Court and the appellate jurisdiction for that is in the Court of Appeals." *Andrews v. Dept. of Transp.,* 133 Ga. App. 78 (2) (210 SE2d 30) (1974). See *Fishman v. State,* 229 Ga. 133 (189 SE2d 429) (1972); *Continental Cas. Co. v. Bump,* 218 Ga. 187, 190 (126 SE2d 783) (1962).

4. The appellants alleged that the trial court erred in excluding from evidence their testimony regarding the appellants' criminal trial and the transcript of the criminal trial. In this case, the transcript of the criminal proceeding was the "best evidence" available. *Sikes v. State,* 76 Ga. App. 883, 885 (47 SE2d 677) (1948). Thus, the trial judge was simply adhering to Code § 38-203 and did not commit error by excluding the appellants' testimony as to what transpired during the course of the criminal trial.

Nor did the court commit error in refusing to admit the transcript of the criminal trial. At the end of the first day of this two-day civil trial, the appellants' attorney, Mr. Maniscalco, rested the case, receiving special permission from the judge to offer the criminal trial transcript in evidence on the following morning. That next morning, court resumed with the following colloquy: "The Court: Are you ready to complete the record? Mr. Maniscalco: Your Honor, I checked with the Clerk's Office down there and I called the Court Reporter, and the original is not on file, although the Court Reporter said that she filed it. So, what I have to do is complete the record, I will have to get her to file another original copy and get it certified, or an exemplified copy, when she files the original. The Court: When do you expect to be ready to go forward? Mr. Maniscalco: Your Honor, so far as I am concerned, I will have to do that at some later date, The Court: I don't intend to just prolong a hearing, now. You rested last night subject to offering the evidence. Mr. Maniscalo: Right. The Court: And if you are not ready to go forward this morning — I am ready to go forward and complete the matter. Mr. Maniscalco: Well, I can't go forward this morning, Your Honor, so the best thing to do — The Court: Well, you announced ready at the call of the

case yesterday morning; did you not? Mr. Maniscalco: You are absolutely correct. I was not able to get hold of it, and I thank you for waiting until today to give me a chance to follow it through."

As the above quote shows, the appellants failed to offer the criminal trial transcript in evidence because of the fact that they did not have a copy of it. In order to show error in the exclusion of evidence, it is necessary that the evidence first be "offered." *Holley v. Lawrence,* 194 Ga. 529 (3) (22 SE2d 154) (1942); *Bird v. Benton & Bros.,* 127 Ga. 371 (2) (56 SE 450) (1906); *Waller v. State,* 102 Ga. 684 (2) (28 SE 284) (1897); *State Hwy. Dept. v. Thomas,* 115 Ga. App. 372 (5) (154 SE2d 812) (1967); *Southern R. Co. v. Robertson,* 7 Ga. App. 154 (4) (66 SE 535) (1909).

5. The appellants finally claim that the trial court erred in dismissing their motion for new trial. We hold, however, that there was no error in the court's dismissal of the motion. On the day set for the hearing on the motion, counsel for the appellee appeared in court, but the appellants' lawyer stated in a telephone call that he would not argue his motion orally. Therefore, the trial judge ordered the appellants' attorney to show cause why the motion should not be either dismissed, overruled, or denied. In response to this order to show cause, counsel for the appellants requested by letter a continuance until a transcript could be obtained and added, "If for some reason you do not see fit to continue this matter and decide the Motion for New Trial on its merits, please deny the motion so that I can perfect my appeal." The court, in its discretion deemed that there had been a failure on the part of the appellants to prosecute the motion for new trial and that their actions constituted an abandonment of the motion. The trial judge may exercise discretion in granting or denying motions for new trial and requests for extensions of time to file transcripts. Code § 70-208; Code Ann. § 70-301 (Ga. L. 1965, pp. 18, 30; 1973, pp. 159, 167).

*Judgment affirmed. Bell, C. J., and Clark, J., concur.*

ARGUED SEPTEMBER 21, 1976 — DECIDED SEPTEMBER 28, 1976 — REHEARING DENIED OCTOBER 22, 1976 —

*Nicholas F. Maniscalco,* for appellants.
*Long, Weinberg, Ansley & Wheeler, Palmer Ansley,* for appellee.