142 Ga. App. 266 (1977)
235 S.E.2d 673
D. G. D.
v.
STATE OF GEORGIA.
53674.
Court of Appeals of Georgia.
Argued April 6, 1977.
Decided May 10, 1977.
*268 Robert O. Davies, for appellant.
James F. Morris, Solicitor, Don DeFoor, for appellee.
MARSHALL, Judge.
The appellant juvenile was adjudicated delinquent based inter alia on his violation of Code Ann. § 26-2610 (b) (Ga. L. 1968, pp. 1249, 1316; 1974, p. 470), which provides as follows: "A person who commits any of the following acts is guilty of a misdemeanor: ... (b) Without provocation, uses obscene and vulgar or profane language in the presence of a female or of a male under the age of 14 years, or by telephone to a female or to a male under the age of 14 years; ..." (Emphasis supplied.) The sole issue in his appeal from the adjudication of delinquency is whether the qualifying phrase, "under the age of 14 years," in the italicized, applicable portion of the statute, modifies "female" as well as "male," as the appellant contends, the victim here being a female over the age of 14 years. The finding of fact that the language used is "obscene and vulgar or profane," was challenged in neither the trial court nor this court, hence is not in issue. Held:
The appellant's contention can not be upheld because "to do so would be violative of a fundamental rule that where the provision of a statute is clear and unambiguous it must be taken to mean what has been clearly expressed *267 and no occasion for construction exists." Forrester v. Continental Gin Co., 67 Ga. App. 119, 128 (19 SE2d 807) (1942) and cits.
That the phrase "under the age of 14 years" modifies only "male" is apparent from the fact that it is placed immediately thereafter, and is separated from "female" by the words "or to a." Had it been intended to qualify both sexes, the General Assembly could have used the masculine gender, which would have included the feminine gender (Code § 102-102 (3)), the term "another," as used in § 26-2610 (e), or simply the asexual term "person," which it used 26 times in Code Ch. 26-26, including the statute in question.
Even if any construction of the statute were necessary, "the legislative intent must be determined from a consideration of it as a whole ... The construction of language and words used in one part of the statute must be in the light of the legislative intent as found in the statute as a whole." Williams v. Bear's Den, Inc., 214 Ga. 240, 242 (104 SE2d 230) (1958) and cits. The fact that subsections (c) and (d) of § 26-2610 specifically protect females generally, rebuts the appellant's argument. Our construction of this subsection is fortified, if not demanded, by the Supreme Court's language in Breaux v. State, 230 Ga. 506 (1) (197 SE2d 695) (1973), that the statute "punishes unprovoked, obscene, vulgar or profane language used in the presence of a female or in the presence of a male under 14 years of age ..." (Emphasis supplied.) (The Breaux case upheld the constitutionality of the statute against an attack alleging that it is "vague, indefinite and overbroad ...") If the protection of females over 14 years of age is no longer deemed necessary or desirable due to the "changing status and roles between men and women," as the appellant urges, this is a policy matter that is within the exclusive jurisdiction of the General Assembly.
Judgment affirmed. Bell, C. J., Quillian, P. J., McMurray, Smith, Shulman and Banke, JJ., concur. Deen, P. J., concurs specially. Webb, J., dissents.
DEEN, Presiding Judge, concurring specially.
"Or to a" separating the sexes, female and male, plus the specific non-use of the asexual term "person" convinces me the majority view is correct.
It is noteworthy that neither the majority opinion, the dissenting opinion, nor this special concurrence sets forth the facts in this case outlining the alleged obscene, vulgar or profane language. This could be motivated by the fact that we do not desire our published opinions to be obscene, which points up the issue raised in the dissent. "In this day and age" who is to say what is "obscene and vulgar and profane"?
Certainly we cannot look to the standards of the chief architect of America's present methodology of the so-called "progressive education" system, John Dewey, who was also one of the founders of the Illinois Chartered American Humanist Association, a nontheistic religion. He adopted pragmatic, relativistic concepts as his guiding philosophy believing that since man was a changing biological animalistic organism that teaching children any of the absolutes of morals, government or ethics was a waste of time.
"Obscenity" is outside the protection of the First Amendment. Roth v. United States, 354 U. S. 476. The factfinder is the appropriate forum, "in this day and age," to decide what is obscene. Judge Evans states this position well in Feldschneider v. State, 127 Ga. App. 745 (195 SE2d 184): "It is most likely that the jurors found this book, as I do, offensive, utterly without redeeming social value, published for the purpose of appealing to prurient interest in perversion and degeneracy, and an affront to the contemporary community standards of any community anywhere." I would affirm.
WEBB, Judge, dissenting.
I find myself unable to agree with the opinion of the majority as to the construction of Code Ann. § 26-2610 (b). To me, the statute refers to the use of obscene and vulgar *269 or profane language by telephone to any person under the age of 14 years, whether that person be male or female. Why would there be any difference with reference to age as to a male or female? Of even more concern to me, however, is what is "obscene and vulgar or profane language" in this day and age? I doubt that anyone can say with the certainty required by the First Amendment, and for that reason I would think the statute too vague and indefinite to be enforceable, the majority opinion of the Supreme Court in Breaux v. State, 230 Ga. 506 (197 SE2d 695), to the contrary notwithstanding.