## 58438. GRANTHAM v. THE STATE.

UNDERWOOD, Judge.

Grantham appeals his conviction of using obscene and vulgar language by telephone to a female in violation of Criminal Code § 26-2610 (b). We affirm.

1. Although Grantham attempts to raise questions as to the constitutionality of a state statute, a matter seemingly within the appellate jurisdiction of the Supreme Court (Constitution of 1976, Art. VI, Sec. II, Par. IV (Code Ann. § 2-3104)), we will retain jurisdiction. "Once a constitutional question has been finally and conclusively determined by the Supreme Court, in later cases raising the same question, the courts merely apply the holding of the Supreme Court and the appellate jurisdiction for that is in the Court of Appeals." *Andrews v. Dept. of Transp.,* 133 Ga. App. 78, 79 (2) (210 SE2d 30) (1974); *Watts v. Six Flags Over Ga.,* 140 Ga. App. 106, 107-108(3) (230 SE2d 34) (1976).

2. As we held in *Watts,* supra, "[t]he [appellant contends] that the court erred in not declaring Code Ann. § 26-2610 (Ga. L. 1968, pp. 1249, 1316) unconstitutional as a violation of the First and Fourteenth Amendments to the United States Constitution. The [appellant's] contention is without merit, however, as this issue was definitively settled by the Georgia Supreme Court in

*Breaux v. State,* 230 Ga. 506 (1) (197 SE2d 695) (1973), which held the statute to be constitutional." *Watts,* supra, 140 Ga. 106 at 107 (3). See also *D. G. D. v. State of Ga.,* 142 Ga. App. 266 (235 SE2d 673) (1977).

In any event the attack must fail since the matter Grantham challenges in his "motion to quash and demurrer" is designated as "Georgia Code Annotated Section 26-2610" and "Code Annotated Section 26-2610." *Widemon v. Burson,* 224 Ga. 665 (164 SE2d 128) (1968); *Cox v. Burson,* 226 Ga. 13 (2) (172 SE2d 406) (1970); *Cooper v. State,* 226 Ga. 722 (177 SE2d 228) (1970).

3. Grantham's complaint that there are no standards to be applied in determining just which words would be obscene and vulgar was answered adversely to him in *Breaux,* 230 Ga. 506 (1), supra. As was there said, "[l]anguage is obscene, vulgar or profane when, under the circumstances and manner in which such utterance was made, it would clearly offend a reasonable person's sense of decency." *Breaux,* 230 Ga. 506, 508, supra.

We hold that the jury could properly find that Grantham's statements over the telephone—that "I want to get between your legs," and "I want to get in bed with you"—which were made unidentified and unprovoked on two occasions, would clearly offend a reasonable person's sense of decency.

4. The evidence clearly authorized the guilty verdict, and remaining enumerations fail to demonstrate any cause for reversal.

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

SUBMITTED SEPTEMBER 25, 1979 — DECIDED OCTOBER 11, 1979 —

*Ben B. Mills, Jr.,* for appellant.

*Thomas H. Pittman, District Attorney, Thomas D. Watry, Assistant District Attorney,* for appellee.