McMlLLIAN, Judge,
concurring specially.
Under Georgia’s long-standing conflict of laws jurisprudence, Georgia common law controls the issues in this case, but not because of the public policy exception to the lex loci delicti rule. Although I agree that the trial court’s order granting summary judgment to the Medical Center should be affirmed, I do not agree with all that is said in Division 1 of the majority opinion, and thus concur specially.[19]
I agree with the majority that we begin our analysis by applying the choice-of-law rule of lex loci delicti,[20] under which the law of the state where the tort is committed governs, and further believe that the trial court correctly concluded that the law of the state of Alabama controls. See Dowis v. Mud Slingers, Inc., 279 Ga. 808, 816 (621 SE2d 413) (2005) (“The rule of lex loci delicti remains the law of Georgia.”). But that determination does not end the inquiry as to what that law is.
Under Georgia’s conflict of laws jurisprudence, once it is determined under the relevant choice-of-law rule[21] that another state’s laws control the action, the court must then look to see whether statutory law from that state forms the basis for the right to recover, in which case, our courts will apply the statutory law as well as the “construction placed upon it by the highest court of such State.” Slaton v. Hall, 168 Ga. 710, 715 (148 SE 741) (1929). See also Motz v. Alropa Corp., 192 Ga. 176, 176 (1) (15 SE2d 237) (1941) (“The rights of the parties to a contract made and to be performed in another State are controlled not only by its pertinent statutes but by the decisions of its appellate courts construing and applying those statutes.”); Lay v. Nashville, Chattanooga & St. Louis R. Co., 131 Ga. 345, 345 (62 SE *286 189) (1908) (“courts of this State will follow the decisions of a sister State in construing the statutes thereof”); Krogg v. Atlanta & West Point R., 77 Ga. 202, 214 (1886) (“As to the construction which the courts of that State place upon its own statutes or other local laws bearing on the case, we will follow such construction.”).
Our appellate courts have taken a markedly different approach when common law rather than statutory law governs. As explained in Trustees of Jesse Parker Williams Hosp. v. Nisbet, 189 Ga. 807 (7 SE2d 737) (1940), if the foreign state was one of the original thirteen American colonies or was derived from the territory encompassed in one of the colonies, “the construction of the common law given by the courts of this State will control, in preference to the construction given by the courts of the State of the contract.” Id. at 811; Motz, 192 Ga. at 176. In other words, our courts will presume that the common law of the other state is the same as the common law in Georgia and thus will apply Georgia law. See Slaton, 168 Ga. at 718 (on rehearing, clarifying that Georgia rule applies); Record Truck Line, Inc. v. Harrison, 109 Ga. App. 653, 658 (3) (137 SE2d 65) (1964) (“The common law as applied by the courts of this State is the common law.”). That is because the “common law is presumed to be the same in all the American States where it prevails. Though courts in the different States may place a different construction upon a principle of common law, that does not change the law. There is still only one right construction.” Slaton, 168 Ga. at 716. And not only are our courts “competent to decide” what the common law is, “but it is its duty to decide, the common law being the same in both jurisdictions.”[22] Krogg, 77 Ga. at 214. See also Risdon Enterprises, Inc. v. Colemill Enterprises, Inc., 172 Ga. App. 902, 904 (2) (324 SE2d 738) (1984) (“Where the rights of parties depend upon South Carolina law, and no statute of that state is pleaded or proved, this court will presume that the common law is to be applied there.”); Green v. Johnson, 71 Ga. *287 App. 777, 778 (32 SE2d 443) (1944) (“Where suit is brought in this State to recover damages for personal injuries sustained in a sister State, which was one of the thirteen original States, the rights of the parties as to the merits of the case as distinguished from procedure are to be determined by the law of such sister State, and where no statute of that [sister] State is pleaded or shown, it will be presumed that the common law is of force there.”). See generally John B. Rees, Jr., Choice of Law in Georgia: Time to Consider a Change?, 34 Mercer L. Rev. 787, 789-90 (1983).
On the other hand, if the other state was never part of the original thirteen colonies or their territories, “[t]here is no presumption that the common law of England exists in such a State” because the state clearly did not “inherit its laws from England.” Nisbet, 189 Ga. at 811. “Under such circumstances, the law of the foreign State must be pleaded, in the absence of which it will be presumed that the law of this State obtains therein.” Id.
Applying these rules here, Coon does not contend that an Alabama statute governs her claims. And, “[w]hile Alabama was not one of the thirteen original colonies [,] it was formed from a part of the territory of Georgia.” Record Truck Line, 109 Ga. App. at 658 (4). Thus, this Court is not bound by the common law as set out by the courts of Alabama, and we must apply Georgia law on recovery of emotional distress damages. See Slaton, 168 Ga. at 714 (in negligence case on behalf of the estate of passenger killed in a car wreck in Alabama, Georgia common law on the degree of care applies); Lay, 131 Ga. at 346 (granting new trial in suit for personal injuries sustained in Alabama because trial court charged on Alabama law even though “substantially the same language may have been used by the Supreme Court of Alabama, in delivering an opinion”); Krogg, 77 Ga. at 214 (refusing to apply Alabama common law on liability of master for injury committed by a fellow servant and applying Georgia law).
For the foregoing reasons, I would affirm the grant of summary judgment by the trial court, albeit for a different reason, and find it unnecessary to reach the question of whether the public policy exception applies.[23]
*288 I am authorized to state that Presiding Judge Andrews joins in this special concurrence.

 I concur fully to Divisions 2, 3 and 4 of the majority opinion.

 Some of our case law alternatively spells this term as “lex loci delecti.” See, e.g., Bailey v. Cottrell, Inc., 313 Ga. App. 371 (721 SE2d 571) (2011).

 In addition to lex loci delicti for tort cases, Georgia applies the traditional rule of lex loci contractus in contract cases. See Gen. Telephone Co. of Southeast v. Trimm, 252 Ga. 95, 95 (311 SE2d 460) (1984) (“Under this approach, contracts are to be governed as to their nature, validity, and interpretation hy the law of the place where they were made, except where it appears from the contract itself that it is to he performed in a State other than that in which it was made, in which case . . . the laws of that sister State will be applied.”) (citation and punctuation omitted).

 I recognize that these presumptions may seem anachronistic and peculiar, but that is the law as set out by our Supreme Court, which has not been overruled. Notably, as recently as 1984, the Supreme Court cited Nisbet favorably and quoted a Court of Appeals case describing Nisbet as “the leading Georgia case explanatory of the law of lex loci contractus.” (Citation and punctuation omitted.) Trimm, 252 Ga. at 96. And federal courts in the Eleventh Circuit, in applying Georgia’s conflict-of-law rules, have likewise found that these presumptions remain good law. See, e.g., Frank Briscoe Co., Inc. v. Ga. Sprinkler Co., 713 F2d 1500, 1503 (11th Cir. 1983) (“When no statute is involved, Georgia courts apply the common law as developed in Georgia rather than foreign case law.”); In re Tri-State Crematory Litigation, 215 FRD 660, 677 (N.D. Ga. 2003) (“The Court, bound by case law from the Supreme Court of Georgia and the United States Court of Appeals for the Eleventh Circuit, finds that if no foreign statutes are ‘involved,’ then the Court must apply Georgia law.”); Briggs & Stratton Corp. v. Royal Globe Ins. Co., 64 FSupp.2d 1340, 1343 (M.D. Ga. 1999) (collecting cases decided since Frank Briscoe and concluding that Nisbet remains good law).

 The dissent asserts that the right for any reason rule does not apply in this instance because the specific argument was not made below. However, it is well established that “[w]e will affirm a grant of summary judgment if it is right for any reason, whether stated or unstated in the trial court’s order, so long as the movant raised the issue in the trial court and the nonmovant had a fair opportunity to respond.” (Citation and punctuation omitted; emphasis supplied.) Godwin v. Mizpah Farms, LLLP, 330 Ga. App. 31, 38, n.7 (766 SE2d 497) (2014). The hospital raised the issue that under the applicable conflict of law principle of lex loci delicti, *288 Georgia law applied, and Coon had a fair opportunity to respond. This Court should not be bound by the parties’ inaccurate and incomplete application of the law.